**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CITY OF EAST ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:21-cv-232-DWD |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHARMACIA LLC, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANTS MONSANTO COMPANY, SOLUTIA INC., AND PHARMACIA LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR ENTRY OF 502(d) PROTECTIVE ORDER**

Exceptional circumstances warrant this reply brief because Plaintiff both confuses and fundamentally misunderstands the purpose behind Federal Rules of Evidence 502(b) and 502(d). The protections afforded by each subpart of Rule 502 are not the same.

The importance of Rule 502(d) protective orders cannot be understated. A former Magistrate Judge once opined: "it is akin to malpractice not to get [a Rule 502(d) order]." The Sedona Conference, *Commentary on the Effective Use of Federal Rule of Evidence 502(d) Orders*, 23 SEDONA CONF. J. 17, fn. 23. Plaintiff argues that the "procedures and protections [afforded by FED. R. EVID. 502(b) and FED. R. CIV. P. 26(b)(5)(B)] are sufficient here." Opp. at 2. They are not.

Rule 502(b) "provides that an inadvertent disclosure of privileged or protected information, when made in a federal proceeding or to a federal office or agency, does not operate as a waiver in a federal or state proceeding if the holder of the privilege or protection took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error." *Rajala v. McGuire Woods, LLP*, 2010 WL 2949582 at *4 (D. Kan. July 22, 2010). On the other hand, Rule 502(d) provides that "[a] Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure

is also not a waiver in any other Federal or State proceeding." FED. R. EVID. 502(d). These provisions are not identical and by no means have the same effect.

The Advisory Committee Notes for Rule 502 explain that under Rule 502(d) "the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of 'claw-back' and 'quick peek' arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product." FED. R. EVID. 502(d) Advisory Committee Notes. Further, agreement of the parties is not a prerequisite for the entry of an order containing a claw-back provision. *Id.* Entry of a Rule 502(d) protective order will also benefit Plaintiff in the event that it produces privileged or protected information.

Like in *Rajala*, "[d]iscovery in this case will include production of an extensive amount of ESI" and there is potential that the parties' production will contain "attorney-client privileged and work product materials." *Rajala*, 2010 WL 2949582 at *6. Should disputes arise regarding disclosure of privileged materials, they would "disrupt the discovery process and cause the attorneys [and the Court] in this case to expend significant resources and time arguing about what steps were taken to prevent disclosure and to rectify the error and about the scope of the waiver." *Rajala*, 2010 WL 2949582 at *6.

Millions of pages of documents have been produced in this case, and supplemental productions are ongoing. Despite Plaintiff's unclear opposition, a 502(d) Order will benefit both parties, making ongoing discovery more efficient, and it certainly will not prejudice them.

For these reasons, and the reasons set forth in Defendants' Motion for Entry of a Rule 502(d) Protective Order, the Court should grant Defendants' Motion.

Dated: August 8, 2022

Respectfully submitted,

**SHOOK, HARDY & BACON, L.L.P.**

*/s/ Adam E. Miller*
Adam E. Miller (6206249)
amiller@shb.com
Katherine Landfried (6328549)
klandfried@shb.com
Tyler W. Schwettman (6333327)
tschwettman@shb.com
Michael W. Cromwell (*pro hac vice*)
mwcromwell@shb.com
Rachel P. Berland (*pro hac vice*)
rberland@shb.com
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Telephone: 314.690.0200
Fax: 314.690.0249

Madison Hatten (*pro hac vice*)
mhatten@shb.com
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816.474.6550
Fax: 816.421.5547

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

*/s/ Charles R. Hobbs, II (by consent)*
Charles R. Hobbs II, (625917)
Ron.Hobbs@lathropgpm.com
Mitchell A. Martin, (631425)
Mitchell.Martin@lathropgpm.com
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500 Clayton, Missouri 63105
Telephone: 314.613.2800
Fax: 314.613.2801

*Attorneys for Defendant Solutia Inc.*

**YSURSA LAW OFFICES, LLC**

*Bernard J. Ysursa (by consent)*
Bernard J. Ysursa (3095754)
bjy@cbsclaw.com
12 W. Lincoln Street
Belleville, IL 62220
Telephone: 618.235.3500
Fax: 618.235.7286

*Attorneys for Defendant Solutia Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of August 2022, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Adam E. Miller*
Adam E. Miller

***Attorney for Defendants Pharmacia LLC and Monsanto Company***