IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF EAST ST. LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00232-DWD |
| | ) |
| MONSANTO CORPORATION, | ) |
| PHARMACIA LLC, and | ) |
| SOLUTIA INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Before the Court is Defendants' Motion to Enter Their Proposed Order Pursuant To Federal Rule of Evidence 502(d) (Doc. 93) ("Motion"). *See* Fed. R. Evid. 502(d). Plaintiff filed a Response (Doc. 95) contesting Defendants' Motion. For the following reasons, the Court, consistent with this Memorandum and Order, **GRANTS** Defendants' Motion.

### Background

This case was removed from the circuit court of St. Clair County, Illinois. Plaintiff filed a 10-count First Amended Complaint for Damages and Abatement (Doc. 29), alleging public nuisance, violations of the ordinances of the City of East St. Louis, continuing trespass, design defect, failure to warn and instruct, and negligence by Defendants.[1] Plaintiff's allegations relate to "the contamination of vast swaths of its land with polychlorinated biphenyls… manufactured in Defendants' Monsanto Plant in

---

[1] Count III of Plaintiff's First Amended Complaint was dismissed without prejudice on August 30, 2021.

adjacent Sauget, Illinois." (Doc. 29, ¶ 1). A Scheduling and Discovery Order was adopted (Doc. 54) and amended (Doc. 85) by the Court pursuant to the parties' Joint Motion to Extend All Deadlines (Doc. 83). Discovery is due to be completed in August 2023 and dispositive motions are due to be filed in September 2023. (Doc. 85). The parties have jointly indicated that a large number of written discovery requests were served and an extensive amount of material was produced in this case. (Doc. 83 ¶¶ 8-9). The parties have also jointly indicated that productions are ongoing. (Doc. 83 ¶ 9). Further, the parties filed a Joint Stipulation Establishing Document and Electronically Stored Information Production Protocol (Doc. 60).

Now, by their Motion, Defendants seek a Rule 502(d) order. Defendants submit that they have conferred with Plaintiff regarding their Proposed Order, but that Plaintiff objects to the entry of the Proposed Order. Defendants argue good cause exists for a grant of the Motion because their Proposed Order would afford the parties the full protections of Rule 502(d) and, therefore, serve the parties' best interests.

Plaintiff filed a Response (Doc. 95) contesting Defendants' Motion. Plaintiff suggests that Defendants have provided boilerplate language regarding "good cause" and the "best interests" of the parties but have not otherwise explained why a Rule 502(d) order is necessary. Plaintiff argues the parties are "automatically protected" from waivers caused by the inadvertent disclosure of privileged information under subdivision (b) of Rule 502. *See* Fed. R. Evid. 502(b). Plaintiff also submits that Rule 26(b)(5)(B) provides a mechanism for resolving disputes related to the inadvertent disclosure of privileged information. *See* Fed. R. Civ. P. 26(b)(5)(B). Absent the requisite showing that a Rule

502(d) order is necessary or that there is a present dispute relating to inadvertent disclosures, Plaintiff argues the aforementioned protections are sufficient in this case.

In a Reply in Support of Their Motion (Doc. 96), Defendants argue Plaintiff misunderstands the purpose of Rule 502 and its separate subdivisions (b) and (d). *See* Fed. R. Evid. 502(b), (d). Defendants distinguish those subdivisions and argue a Rule 502(d) order is necessary because discovery involves an extensive amount of electronically stored information, there is a potential for each party to disclose privileged information, and any dispute that arises regarding privileged information will disrupt the discovery process and necessitate the expenditure of significant time and resources by the parties. Since millions of pages of documents have already been produced in this case and supplemental productions are presently ongoing, Defendants argue a Rule 502(d) order will benefit both parties and ensure discovery is conducted efficiently.

**Analysis**

Under Rule 26(c)(1), a party may move for a protective order from the Court. *See* Fed. R. Civ. P. 26(c)(1). The motion must include a certification that the movant has, in good faith, conferred or attempted to confer with affected parties in order to resolve the dispute without Court action. *Id*. If good cause is shown by the movant, the Court may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including an order specifying the terms for disclosures in discovery. *See* Fed. R. Civ. P. 26(c)(1)(B). Good cause requires a particular and specific demonstration of fact rather than a stereotyped and conclusory statement. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006) (quoting 8 Charles

Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 1998 & Supp. 2006)); *accord Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)); *see also Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (noting good cause under Rule 26(c) generally requires specific examples of articulated reasoning as opposed to stereotyped and conclusory statements); *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (noting, *inter alia*, good cause generally signifies a sound basis or legitimate need for judicial action).

Relatedly, Rule 502 applies to disclosures of communications or information covered by *only* the attorney-client privilege or the work-product privilege. *See* Fed. R. Evid. 502; *DR Distrib., LLC v. 21 Century Smoking, Inc.*, No. 12-50324, 2022 WL 2905838, at *10 (N.D. Ill. 2022). Subdivision (d) of Rule 502 states: "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). As such, subdivision (d) of Rule 502 enables the Court, *sua sponte* or on a party's motion, to enter an order that allows the parties to conduct and respond to discovery expeditiously and without the need for exhaustive pre-production privilege reviews. *See* Fed. R. Evid. 502 Addendum to Advisory Committee Notes, subdivision (d); *RTC Indus., Inc. v. Fasteners for Retail, Inc.*, No. 17-3595, 2020 WL 1148813, at *6 (N.D. Ill. 2020); *cf. DR Distrib.*, No. 12-50324, 2022 WL 2905838, at *11 (recognizing, even after the entry of a Rule 502(d) order, a "completely reckless disclosure" or a disclosure made "irrespective of the reasonableness of counsel's privilege review" may nevertheless result in waiver, such that a counsel who produces documents

without even a reasonable privilege review does so at his or her own risk). Such orders are "increasingly important" to limiting costs of privilege review and retention, especially in cases of electronic discovery. *See* Fed. R. Evid. 502, Explanatory Note to Advisory Committee Notes (revised 11/28/2007). At the same time it limits these costs, subdivision (d) preserves the right to assert the attorney-client and work-product privileges to preclude the use of the information disclosed in discovery. *See* Fed. R. Evid. 502 Addendum to Advisory Committee Notes, subdivision (d); *RTC Industries*, No. 17-3595, 2020 WL 1148813, at *6. When entering a Rule 502(d) order, the Court has the authority to include conditions that it deems appropriate under the circumstances presented in the case. *See* Fed. R. Evid. 502 Addendum to Advisory Committee Notes, subdivision (d).[2]

Here, the Court **FINDS** Defendants have demonstrated good cause for a Rule 502(d) order that protects each party from the potential undue burden or expense, pertaining to the inadvertent disclosure of communications or information protected by the attorney-client privilege or the work-product privilege, and that specifies the related terms for disclosures in discovery. *See* Fed. R. Civ. P. 26(c)(1)(B). The Court is persuaded by Defendants' representation, consistent with the nature of the record and allegations in this case, that discovery involves extensive electronically stored information, millions of pages of documents, and the potential for the inadvertent disclosure of privileged information by each party. Consistent with the above principles, a Rule 502(d) order will

---

[2] Rule 502(d) serves the overarching purposes of Rule 502, namely, to resolve longstanding disputes about the circumstances under which subject matter waiver may apply and to respond to the widespread complaint that costs related to the protection against waivers of privileged information have become prohibitive due to concerns that any disclosure will operate as a subject matter waiver of all protected communications and information. *See RTC Industries*, No. 17-3595, 2020 WL 1148813, *5-6.

ensure expeditious discovery and abate the time and resources expended by the parties during their privilege review and retention. A Rule 502(d) order will also tend to diminish such expenditures if a dispute arises over privileged information disclosed in discovery.

Therefore, consistent with this Memorandum and Order and the directives that follow, the Court **GRANTS** Defendants' Motion. It is **HEREBY ORDERED**:

1. If, in connection with this litigation, information subject to a claim of attorney-client privilege or work-product privilege is disclosed, such disclosure of the privileged information shall not constitute a waiver or forfeiture of any claim of attorney-client or work-product privilege that the parties would be entitled to assert with respect to the disclosed privileged information and its subject matter, whether in this litigation or in any other federal or state proceeding.

2. A party may assert, in writing, the attorney-client privilege and the work-product privilege with respect to specifically identified disclosed information through the use of a privilege log consistent with Rule 26(b)(5). *See* Fed. R. Civ. P. 26(b)(5). The receiving party shall, within ten business days of receipt of that written assertion, return, sequester, or destroy all copies of the disclosed information and provide a certification that the disclosed information was returned, sequestered, or destroyed. The receiving party's compliance with this section does not constitute an acknowledgement of or acquiescence to the substantive claim of attorney-client or work-product privilege of the producing party.

3. Within ten business days of the notification that the disclosed information was returned, sequestered, or destroyed, the party claiming the attorney-client or work-

product privilege shall produce a privilege log with respect to the disclosed information. If the producing party claims only a portion of the disclosed information is privileged, then the producing party shall provide, along with the privilege log, a new copy of the disclosed information with the privileged portions redacted.

4. The receiving party may move the Court for an order compelling the production of the disclosed information ("Privilege Motion"). The Privilege Motion shall be filed under seal and shall not, based solely on the fact of production, assert waiver as a ground for entering such an order.

5. The party claiming attorney-client or work-product privilege retains the burden of establishing the privileged nature of any disclosed information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the disclosed information.

6. Notwithstanding the provisions of this Order, any disclosed information protected by the attorney-client or work-product privilege (and all copies of such documents), or any disclosed information that bears a facial indication of the attorney-client or work-product privilege to the receiving party, shall immediately be returned to the producing party or destroyed by the receiving party.

7. During this litigation, the parties may identify certain document repositories that may contain responsive documents in this matter. These document repositories may also contain documents subject to the attorney-client or work-product privileges. The provisions of this Order apply to any productions from such repositories.

The parties will not argue, based solely on the fact of production, that the disclosed information within such document repositories constitutes a waiver.

8. In the event a party believes that documents have been improperly withheld from production based on an improper claim of attorney-client or work-product privilege, the party shall notify opposing counsel, in writing, of the basis for the claim. Counsel for the opposing party shall respond, in writing, within ten days and the parties shall meet and confer to try to resolve the dispute. If the parties cannot resolve the dispute, then the matter shall be brought before the Court for resolution.

**SO ORDERED.**

Dated: August 17, 2022.

_____
DAVID W. DUGAN
United States District Judge