IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CITY OF EAST ST. LOUIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-00232-DWD |
| ) | |
| **MONSANTO CO., PHARMACIA LLC,** ) | |
| **and SOLUTIA, INC.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion to Quash the Subpoena Duces Tecum Issued to 12M Associates, LLC, and ALS Environmental ("Motion to Quash") (Doc. 97). Defendants filed a Response in Opposition to the Motion to Quash (Doc. 102). For the reasons explained below, the Court **DENIES** the Motion to Quash.

**Background**

This case was removed from the Circuit Court of St. Clair County. Plaintiff filed a First Amended Complaint for Damages and Abatement (Doc. 29), alleging public nuisance, violations of the ordinances of the City of East St. Louis, continuing trespass, design defect, failure to warn and instruct, and negligence. Plaintiff's allegations relate to "the contamination of vast swaths of its land with polychlorinated biphenyls… manufactured in Defendants' Monsanto Plant in adjacent Sauget, Illinois." (Doc. 29, ¶ 1).

In late-2020, Plaintiff retained the services of Richard Bost, who owns an environmental science firm, 12M Associates, LLC, to perform polychlorinated biphenyl

("PCB") soil testing in East St. Louis. (Doc. 97, ¶ 2). Bost performed the soil sampling on approximately 140 parcels of land and 50 rights-of-way owned by Plaintiff. (Doc. 97, ¶ 3). After the soil testing, Bost arranged for ALS Environmental to analyze his soil samples. (Doc. 97, ¶ 3). In December 2020, Bost produced his Report, as well as the results of the analyses by ALS Environmental, to the attorneys for Plaintiff. (Doc. 97, ¶ 4).

Thereafter, Defendants' attorney served subpoenas, dated July 13 and 14, 2022, on 12M Associates and ALS Environmental, respectively. The subpoenas sought the production, inspection, copying, testing, or sampling of information related to, *inter alia*, 12M Associates' "Polychlorobiphenyls (PCB) Assessment for East St. Louis Study Area," ALS Environmental's "lab analyses of Richard Bost's PCBs/Aroclor soil sampling in East St. Louis," and ALS Environmental's " 'SVOC Data Package'/Data Summary Report for congener specific analyses on 11 of Richard Bost's PCBs/Aroclor soil samples." (Docs. 97-4, pgs. 3, 6; 97-5, pgs. 3, 6). Non-exhaustive lists of the information subject to Defendants' requests were included in the subpoenas. (Docs. 97-4, pg. 6; 97-5, pg. 6).

In response to the subpoenas, Plaintiff asserted the consulting expert privilege and directed Bost, 12M Associates, and ALS Environmental to refrain from producing documents or witnesses to Defendants in the absence of an Order from the Court. (Doc. 97, ¶ 12). Now, in its Motion to Quash, Plaintiff argues Bost, 12M Associates, and ALS Environmental were retained to provide expert consulting services in anticipation of litigation. (Doc. 97, ¶¶ 13, 16). Plaintiff "intended to use the Bost/ALS testing as a showing of good faith in going forward with the lawsuit and to confirm a good faith belief that there might be significant PCB contamination on various swaths of land in

ESTL." (Doc. 97, ¶ 4). However, Plaintiff notes, "out of a sense of caution" when completing its initial disclosures under Federal Rule of Civil Procedure 26(a)(1), it identified Bost, 12M Associates, and ALS Environmental, among other affiliated persons, as persons or entities it may use to support its claims. (Doc. 97, ¶¶ 6, 13). It was also out of a sense of caution that Plaintiff produced many documents related to soil sampling, "the overwhelming percentage of which constituted the ALS Environmental analyses, with the Bost Report," that it could use to support its claims. (Doc. 97, ¶¶ 6, 13).

Further, Plaintiff submits any participation by Bost or persons affiliated with 12M Associates or ALS Environmental will be in the form of expert testimony, not fact testimony. (Doc. 97, ¶ 8). Plaintiff notes it has not identified Bost or any person at 12M Associates or ALS Environmental as an expert witness, and that the deadline for doing so has not lapsed. (Doc. 97, ¶ 7). Therefore, Plaintiff suggests the lists of requested information, contained in Defendants' subpoenas, are intrusive and more appropriate if and when Bost or other persons affiliated with 12M Associates or ALS Environmental are named as expert witnesses under Rule 26(a)(2). (Doc. 97, ¶¶ 10, 19-20).

In response, Defendants note that Plaintiff's claims are based on the soil samples of Bost and 12M Associates, which were collected from East St. Louis properties, and the analyses of those soil samples by ALS Environmental. (Doc. 102, pg. 1). Defendants point out that Plaintiff cited or referenced the work performed by Bost, 12M Associates, and ALS Environmental in its Amended Complaint (Doc. 29), Response in Opposition to Defendants' Motion to Dismiss Counts of the First Amended Complaint (Doc. 40), and its Responses to Defendants' Interrogatories and Requests for Production (Docs. 102-1;

3

102-2; 102-3). Defendants also emphasize that Plaintiff, in support of its claims, produced the Bost Report and analyses of ALS Environmental in its initial Rule 26(a)(1) disclosures.

As a result, Defendants present two arguments in support of the Court denying the Motion to Quash and allowing fact discovery related to the Bost Report and the ALS Environmental analyses. (Doc. 102, pg. 2). First, Defendants argue Plaintiff waived the consulting expert privilege it had under Federal Rule of Civil Procedure 26(b)(4)(D). (Doc. 102, pgs. 2-5). Second, even if the consulting expert privilege was not waived, Defendants argue exceptional circumstances justify fact discovery under Rule 26(b)(4)(D)(ii). (Doc. 102, pgs. 2, 5-6). Defendants submit that fact discovery is their only means of obtaining information related to that work because it had no knowledge of Bost's soil sampling until after the fact and no opportunity to participate in or duplicate the tests. (Doc. 102, pgs. 2, 5-6). Defendants state changes in subsurface conditions, the impact of the weather, and other causes of spoliation prevent a replication of the work. (Doc. 102, pg. 6).

When so arguing, Defendants note, at this time, they do not seek expert opinions. (Doc. 102, pg. 2 n. 1). They seek "any and all records associated with the 2020 sampling reports *that have not already been voluntarily produced* by Plaintiff[,] such as chain-of-custody records, sample logbooks, and maintenance logs for any instruments used. (Doc. 102, pg. 2 n. 1) (Emphasis in original) (citing Docs. 97-4, pgs. 6-7; 97-5, pgs. 6-7).

## Analysis

Under Rule 26(b)(1), the scope of discovery, unless limited by an order of the Court, extends to any nonprivileged matter that is relevant to any party's claim or defense and that is proportional to the needs of the case. *See* Fed. R. Civ. P 26(b)(1). If a subpoena

4

requires the disclosure in discovery of a privileged or other protected matter, and no exception or waiver applies, then the Court will quash the subpoena. *See Zurbriggen v. Twin Hill Acquisition Co. Inc.*, 2020 WL 4349891, *2 (N.D. Ill. July 29, 2020) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)). Such a decision is in the Court's discretion. *See id*.

Further, under Rule 26(b)(4)(D), a party may not ordinarily discover, through interrogatories or depositions, the facts known or opinions held by an expert who is not expected to be called as a witness at trial and who was retained or specially employed in anticipation of litigation. *See* Fed. R. Civ. P 26(b)(4)(D). This rule is simply an application of the attorney work product rule contained in Rule 26(b)(3)(A), as " '[t]he consultant's work will, by definition, be work product because the party uses the consultant in anticipation of litigation.' " *See Zurbriggen*, 2020 WL 4349891, at *2 (quoting *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1024 (7th Cir. 2012)); *accord U.S. Gypsum Co., v. Ectek Int'l, Inc.*, No. 19-596, 2022 WL 1155155, *9 (N.D. Ill. April 19, 2022); *White v. Electrolux N. Am., Inc.*, No. 13-1617, 2014 WL 1365424, *2 (N.D. Ill. April 7, 2014). Discovery is allowed, however, if the party shows exceptional circumstances make it impracticable to obtain facts or opinions on the same subject by other means. *See* Fed. R. Civ. P 26(b)(4)(D)(ii). Exceptional circumstances exist if the condition observed by the expert is no longer observable or the cost of replicating the data or condition is judicially prohibitive. *See Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005); *Valero Mktg. and Supply Co. v. Southcap Pipeline Co.*, No. 6-623, 2009 WL 102437, *2 (S.D. Ill. Jan. 15, 2009); *see also Spearman Indust., Inc. v. St. Paul Fire and Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1152 (N.D. Ill. 2001) (stating, in a similar way, that "the moving party may show that the object

or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it).

Importantly, waiver principles apply to Rule 26(b)(4)(D). *See U.S. Gypsum Co.*, 2022 WL 1155155, at *9; *White*, 2014 WL 1365424, at *2; *Valero Mktg. and Supply Co.*, 2009 WL 102437 at *2. In *U.S. Gypsum Co.*, the Northern District of Illinois found, even if the requested documents were protected from disclosure by the consulting expert privilege in Rule 26(b)(4)(D), "any such protection was waived" when the defendant produced a report in its Rule 26(a)(1) initial disclosures. *See U.S. Gypsum Co.*, 2022 WL 1155155, at *9.

Likewise, in *White*, the Northern District of Illinois found a non-testifying consultant could be deposed because he and his report fell outside the scope of Rule 26(b)(4)(D). *See White*, 2014 WL 1365424, at *2. The defendant was found to have "intentional[ly] and clearly not inadvertent[ly]" agreed to share the report, such that its actions were "conspicuously inconsistent with any claim that the report was protected." *See id*. The court reasoned that the "whole idea" behind the protection of trial preparation materials under Rule 26(b)(4)(D) was to allow an attorney to prepare his or her case "free from adversarial scrutiny." *See id*. at *2 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). Therefore, agreeing to share the report, even in the hope of avoiding litigation, was found to be "the antithesis of maintaining such protections." *See id*. at *2.

Finally, in *Valero Marketing and Supply Co.*, the court found the disputed documents of non-testifying consultants, hired in anticipation of the litigation, were discoverable. *See Valero Mktg. and Supply Co.*, 2009 WL 102437 at *2. The defendant waived Rule 26 protections by producing those disputed documents to a testifying expert. *See*

Here, based on the record and arguments of the parties, the Court **FINDS** Plaintiff waived any consulting expert privilege it had with Bost, 12M Associates, and ALS Environmental under Rule 26(b)(4)(D). At a minimum, Plaintiff, by its own admission, intentionally produced the work product of Bost, 12M Associates, and ALS Environmental. (Doc. 97, ¶¶ 6, 13). Similarly, in its Rule 26(a)(1) disclosures, Plaintiff indicated it might use Bost, 12M Associates, and ALS Environmental to support its claims. (Doc. 97, ¶¶ 6, 13). Plaintiff then affirmatively relied upon their work, sometimes in specific detail, in its pleadings with the Court. *See, e.g.*, (Docs. 29, ¶¶ 10, 25; 40, pg. 2). These actions by Plaintiff are inconsistent with the assertion that the work at issue is protected by Rule 26(b)(4)(D). *Compare U.S. Gypsum Co.*, 2022 WL 1155155, at *9; *White*, 2014 WL 1365424, at *2; *Valero Mktg. and Supply Co.*, 2009 WL 102437 at *2; *with Ross v. Burlington N. R.R. Co.*, 136 F.R.D. 638, 638-39 (N.D. Ill. 1991) (denying the defendant's discovery motion, which sought to compel the production of a witness, initially designated as a testifying expert witness and then redesignated as a consulting expert witness, under the predecessor to Rule 26(b)(4)(D), where "nothing more than the identity and the subject matter of the witness's testimony was revealed…[and it] [wa]s not a situation where facts or opinions were disclosed"). The Court agrees with the sentiment, expressed by Defendants, that Plaintiff "cannot be allowed, after disclosing as much as [it] pleases, to withhold the remainder." *See Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.*, 62 F.R.D. 454, 457-58 (N.D. Ill. 1974) (discussing a potential waiver of the Rule 26(b)(3) attorney work product privilege).

As noted above, Plaintiff states that it "intended to use the Bost/ALS testing as a showing of good faith in going forward with the lawsuit and to confirm a good faith belief that there might be significant PCB contamination on various swaths of land in ESTL." (Doc. 97, ¶ 4). However, Plaintiff's good faith purpose in its sharing of testing documents generated in preparation or anticipation of litigation, while admirable, does not serve to prevent operation of its waiver of Rule 26(b)(4)(D) protections so as to bar production of documents otherwise privileged.

Alternatively, the Court **FINDS** exceptional circumstances exist under Rule 26(b)(4)(D)(ii). This is a complex case involving the alleged environmental contamination, over nearly 6 decades, of "large swaths" of Plaintiff's land. (Doc. 29, ¶¶ 2-4, 7, 10, 15, 33). Notably, the work at issue relates to soil testing on property owned by Plaintiff, *i.e.*, approximately 140 parcels of land and 50 rights-of-way. (Doc. 97, ¶ 3). The Court cannot be sure that extensive work, which Plaintiff invoked in the pleadings, is replicable under conditions sufficiently similar to those encountered by Bost, 12M Associates, and ALS Environmental. *See Polyone Corp. v. Lu*, No. 14-10369, 2016 WL 2997904, *2 (N.D. Ill. May 25, 2016) (granting renewed motion to compel documents, communications, and answers to interrogatories, related to the plaintiff's testing of the defendant's product, due to exceptional circumstances under Rule 26(b)(4)(D)(ii), where the consultant's tests and related communications were disputed facts, relevant to the test results, and relevant to the defendant's counterclaim questioning the Plaintiff's motives and knowledge). Defendants suggest a replication would be hindered by changes in subsurface conditions and the impact of the weather. (Doc. 102, pg. 106). This concern is well-taken due to the

nature of Plaintiff's allegations. Accordingly, the Court **CONCLUDES** it is impracticable for Defendants to obtain facts or opinions, akin to those known or held by Bost, 12M Associates, and ALS Environmental, by other means. *See* Fed. R. Civ. P 26(b)(4)(D)(ii).

### Conclusion

For the foregoing reasons, the Court **DENIES** the Motion to Quash.

**SO ORDERED.**

Dated: October 31, 2022

_____
DAVID W. DUGAN
United States District Judge