IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CITY OF EAST ST. LOUIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-00232-DWD |
| | ) |
| **MONSANTO CO., PHARMACIA LLC,** | ) |
| **and SOLUTIA, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are Defendants' Motion for Leave to File a Counterclaim (Doc. 115) and Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 117).

This case was removed from the Circuit Court of St. Clair County. Plaintiff filed a First Amended Complaint for Damages and Abatement (Doc. 29), alleging public nuisance, violations of the ordinances of the City of East St. Louis, continuing trespass, design defect, failure to warn and instruct, and negligence. Plaintiff's allegations relate to "the contamination of vast swaths of its land with polychlorinated biphenyls… manufactured in Defendants' Monsanto Plant in adjacent Sauget, Illinois." (Doc. 29).

Now, Defendants' request leave to file a counterclaim, under 42 U.S.C. § 1983, to challenge the constitutionality of Plaintiff's application of its Municipal Code based on the alleged presence of polychlorinated biphenyls on City-owned property. (Doc. 115, pg. 1). Defendants argue Plaintiff's application of its Municipal Code violates the Due Process, Ex Post Facto, Excessive Fines, and Equal Protection provisions of the United

States Constitution. (Doc. 115, pgs. 1, 3-8). In support of the Motion, Defendants note the request is made in good faith and is timely under the Court's Scheduling and Discovery Order. (Docs. 108; 115, pg. 10). Further, Defendants suggest "[t]he discovery relevant to [the] proposed Counterclaim is a subset of the discovery relevant to Plaintiff's underlying claims and the defenses to those claims." (Doc. 115, pg. 10). Defendants note fact discovery closes on June 27, 2023, all discovery closes on February 23, 2024, dispositive motions are due on March 22, 2024, and the trial is scheduled to begin on July 22, 2024. (Docs. 108; 115, pg. 10). Therefore, Defendants argue their counterclaim will promote efficiency and preserve judicial resources without delaying the trial. (Doc. 115, pg. 10).

Plaintiff's Motion, which was filed under Federal Rule of Civil Procedure 15(a)(2), seeks to supplement its factual allegations and streamline the claims for relief. (Doc. 117, pgs. 1-2). Plaintiff, like Defendants, notes its request to amend is timely under the Court's Scheduling and Discovery Order. (Docs. 108; 117, pg. 2). Further, Plaintiff argues the requested amendment will not prejudice Defendants' trial preparation. (Doc. 117, pg. 2).

After an initial review of the Motions, the Court set a deadline for the opposing parties to file a response or objection, if any, to the Motions. (Docs. 116 & 118). Defendants did not file a response or objection to Plaintiff's Motion for Leave to File a Second Amended Complaint. Therefore, the Court **GRANTS** that Motion. The Court emphasizes that the Motion was timely under the operative Scheduling and Discovery Order. (Doc. 108). Further, under Rule 15(a)(2), leave to amend the pleadings should be freely given when justice so requires. *See Stanard v. Nygren*, 658 F.3d 792, 800-01 (7th Cir. 2011); *see also* Fed. R. Civ. P. 15(a)(2); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011)

(discussing the dueling standards for amending the pleadings under Federal Rules of Civil Procedure 15(a)(2) and 16, the latter of which requires a deadline for amending the pleadings). Plaintiff's effort to supplement its factual allegations, while also streamlining the claims for relief, meets this standard and will cause no prejudice to Defendants.

Next, the Court addresses Defendants' Motion for Leave to File a Counterclaim, to which Plaintiff, consistent with the Court's Order at Doc. 116, filed a Response in Opposition (Doc. 119). Plaintiff argues Defendants' proposed counterclaim is "meritless and unsupported by either law or fact," as they are presumed to have knowledge of the Municipal Code, they have not demonstrated a retroactive application of the Municipal Code to their wrongful conduct, an application of the Municipal Code to their actions is reasonable, and the fines imposed under the Municipal Code are proportional to the gravity of the wrongful conduct. (Doc. 119, pgs. 1-2). Plaintiff states Defendants have failed to prove, by clear and affirmative evidence, that the Municipal Code is arbitrary, capricious, unreasonable, and without rational relation to the health and safety of Plaintiff's residents. (Doc. 119, pgs. 2, 4). As a result, Plaintiff argues the counterclaim would be futile. (Doc. 119, pg. 2). Plaintiff also suggests the counterclaim will require additional discovery and unnecessarily add issues to the case. (Doc. 119, pgs. 2-).

Thereafter, Defendants filed a Reply in Support of their Motion. (Doc. 120). Defendants suggest Plaintiff relies on an incorrect legal standard and "repeatedly mischaracterize [the] proposed constitutional claims." (Doc. 120, pg. 1). Defendants argue they are not required to prove the counterclaim at this juncture, stating "[w]hether

Defendants will *prove* their claims is a fight for another day." (Doc. 120, pg. 2). Even so, Defendants address the "mischaracterizations" of the counterclaim. (Doc. 120, pgs. 2-5).

Under Federal Rule of Civil Procedure 13(a)(1), "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *see also Nat. Union Fire Ins. Co. of Pittsburgh, Pa. v. Cont'l Illinois Corp.*, 113 F.R.D. 527, 530 (N.D. Ill. 1986) ("Compulsory counterclaims arise 'out of the transaction or occurrence that is the subject matter of the opposing party's claim[,]' [and] [c]ourts interpret that requirement broadly to prevent multiple lawsuits on claims that are factually similar."). Rule 13 affords the Court broad discretion in allowing the joinder of counterclaims "to expedite the resolution of all the controversies between the parties in one suit." *See Conoco, Inc. v. Pecora Oil Co.*, No. 85-c-8680, 1986 WL 4992, *1 (N.D. Ill. April 18, 1986) (citing *Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952); *A.H. Gruetzmacher & Co. v. Massey-Ferguson, Inc.*, 512 F. Supp. 194 (N.D. Ill. 1981)). The rule contemplates a liberal policy of avoiding "circuity of action" and "multiple litigation." *See id*. (citing *Blair*, 197 F.2d at 845; *Warshawaky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257 (7th Cir. 1977)).

If a counterclaim is "closely related to the claims already before the court," then it "normally should be permitted if…interposed at any time prior to the trial stage." *See Nat. Union Fire Ins. Co.*, 113 F.R.D. at 530 (quoting 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1428, at 150 (1970)); *but see Illinois State Painters Welfare Fund v. AB*

*Drywall, Inc.*, No. 19-cv-280, 2021 WL 5882119, *1 (S.D. Ill. Dec. 13, 2021) ("A compulsory counterclaim that is not asserted in the answer to the complaint is waived."). Conversely, an unrelated counterclaim may properly be left to an independent suit where it is "asserted relatively late in the proceedings." *See id.* (quoting 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1428, at 150 (1970)). Courts also consider whether, due to the progress or nature of the case, the counterclaim would be inconvenient or confusing. *See id.* (citing *Aviation Materials, Inc. v. Pinney*, 65 F.R.D. 357, 358 (Ok. 1975)).

Here, Defendants have not previously filed a counterclaim. However, they sought to do so before the lapse of the deadline to amend the pleadings. (Doc. 108). Similarly, the Motion was filed over a year before the close of all discovery and, as of this date, fact discovery is open for over two months. (Doc. 108). In short, the Court does not envision unreasonable delay from Defendants' counterclaim, so as to unduly inconvenience or prejudice any party. Most persuasively, though, Defendant's request for leave to file a counterclaim is made at the same time that Plaintiff seeks to file a Second Amended Complaint to, *inter alia*, supplement its factual allegations.

Under such circumstances, the Court **FINDS**, consistent with the language and purpose of Rule 13(a), Defendants may file a responsive pleading that states a counterclaim "that arises out of the transaction or occurrence that *that is the subject matter of the opposing party's claims*." Fed. R. Civ. P. 13(a)(1)(A) (Emphasis added); *see also Harrison v. City of Fort Wayne*, No. 17-cv-419, 2018 WL 4483177, *3 (Sept. 19, 2018) ("[B]ecause the Court has granted Plaintiff leave to amend her complaint, in the interests of judicial economy, the Court grants Defendants leave to bring the proposed

counterclaims not in an amended answer to the original complaint but rather in their answer to the First Amended Complaint, once filed by Plaintiff."); *Conoco, Inc.*, No. 85-c-8680, 1986 WL 4992, at *1 (holding, consistent with the language and purpose of Rule 13, the defendant's motion for leave to file counterclaims would "be deemed timely," where those counterclaims would not be prejudicial since "the trial has not yet begun and…they do not appear to have been interposed for reasons of delay"). The Court emphasizes that Plaintiff may still challenge the counterclaim under the appropriate Rules of Civil Procedure. The Court simply declines to find, pursuant to a request for leave to amend in the middle of discovery, the counterclaim is prejudicial or futile, especially where the discovery related to the counterclaim could reasonably overlap with the underlying claims and defenses to those claims. *See Nat. Union Fire Ins. Co.*, 113 F.R.D. at 530-31 (granting leave to file a counterclaim under Rule 13, where the claims and counterclaim "really mirrored each other," "it would be hard to imagine any counterclaim more closely related legally and factually to the main claims," there was "[n]o meaningful confusion or inconvenience…engendered by [the] insertion of…[the] Counterclaim," and there would "be no need to reinvent the wheel either via discovery or in any other respect"); *Carson v. De Vries*, No. 84-c-9697, 1985 WL 4862, *1 (N.D. Ill. Dec. 6, 1985) (granting leave to file a counterclaim, where, taking the defendant's allegations as true, the court could not conclude that he was unable to prove any set of facts entitling him to relief).

For the foregoing reasons, the Court, in an exercise of its broad discretion over such matters, **GRANTS** both Defendants' Motion for Leave to File a Counterclaim (Doc. 115) and Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 117).

**SO ORDERED.**

Dated: April 17, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge