# EXHIBIT M

# REAL ESTATE VALUATION IN LITIGATION



**SECOND EDITION**

J. D. Eaton, MAI, SRA

**APPRAISAL INSTITUTE**

**LANDMARK RESEARCH**

# REAL ESTATE VALUATION
## IN LITIGATION

LANDMARK RESEARCH

Readers of this text may be interested in the following related materials:

*The Appraisal of Real Estate*, tenth edition
*The Dictionary of Real Estate Appraisal*, third edition
*Environmental Site Assessments and Their Impact on Property Value: The Appraiser's Role*
and *The Appraiser as Expert Witness* videotape

For a catalog of Appraisal Institute publications, contact the Publications Department of the Appraisal
Institute, 875 North Michigan Avenue, Chicago, Illinois 60611-1980

# REAL ESTATE VALUATION IN LITIGATION

### SECOND EDITION

*J. D. Eaton, MAI, SRA*

Appraisal Institute
875 North Michigan Avenue
Chicago, Illinois 60611–1980



**APPRAISAL
INSTITUTE**

*Reviewers*:    Howard C. Gelbtuch, MAI
            John H. Love, SRA
            Thomas A. Motta, MAI, SRA
            George F. Silver, MAI, SRA
            Janice F. Young, MAI, RM

*Senior Vice President, Communications*: Christopher Bettin
*Manager, Book Development*: Michael R. Milgrim, PhD
*Senior Editor/Writer*: Stephanie Shea–Joyce
*Manager, Design/Production*: Julie B. Beich

**For Educational Purposes Only**
The material presented in this text has been reviewed by members of the Appraisal Institute, but the opinions and procedures set forth by the author are not necessarily endorsed as the only methodology consistent with proper appraisal practice. While a great deal of care has been taken to provide accurate and current information, neither the Appraisal Institute nor its editors and staff assume responsibility for the accuracy of the data contained herein. Further, the general principles and conclusions presented in this text are subject to local, state, and federal laws and regulations, court cases, and any revisions of the same. This publication is sold for educational purposes with the understanding that the publisher is not engaged in rendering legal, accounting, or any other professional service.

The opinions expressed herein are those of the author and do not necessarily represent those of the U.S. Department of Justice.

**Nondiscrimination Policy**
The Appraisal Institute advocates equal employment and nondiscrimination in the appraisal profession and conducts its activities without regard to race, color, sex, religion, national origin, or handicap status.

© Copyright 1995 Appraisal Institute, an Illinois not for profit corporation. All rights reserved. No part of this publication may be reproduced or incorporated into any information retrieval system without written permission from the publisher.

Printed in the United States of America

**Library of Congress Cataloging–in–Publication Data**
Eaton, J.D. (James D.)
     Real estate valuation in litigation / J.D. Eaton.–2nd ed.
          p.   cm.
     Includes bibliographical references and index.
     ISBN 0–922154–20–1
     1. Eminent domain–United States. 2. Real property–Valuation–United States. 3. Actions and defenses–United States.   I. Title.
KF5599.E25  1995
346.7304'37–dc20
[347.306437]                                                       95–17958
                                                                        CIP



# Table of Contents

Foreword ................................................................................................................. vii

Preface .................................................................................................................... ix

About the Author.................................................................................................. xi

Acknowledgments ................................................................................................ xii

1   The Litigation Environment ........................................................................ 1

2   Origin of Eminent Domain and Just Compensation ............................. 13

3   Legal Measurements of Just Compensation ............................................. 23

4   Property Rights .............................................................................................. 45

5   The Larger Parcel ........................................................................................... 75

6   Highest and Best Use ................................................................................... 103

7   Land Use Regulations .................................................................................. 133

8   Cost Approach to Value................................................................................ 157

9   Income Capitalization Approach to Value .............................................. 173

10  Sales Comparison Approach to Value ....................................................... 197

11  Special-Purpose Properties......................................................................... 227

12  Development Approach ................................................................................ 245

**13**  Construction of the Public Improvement ............................................ 271

**14**  Damages in Partial Taking Cases ....................................................... 289

**15**  Benefits–General and Special ........................................................... 323

**16**  Easements ....................................................................................... 351

**17**  Inverse Condemnation and Regulatory Takings ............................... 371

**18**  Leasehold Valuations ...................................................................... 383

**19**  Writing the Report ........................................................................... 417

**20**  Preparation for Trial ......................................................................... 445

**21**  The Expert Witness .......................................................................... 475

**22**  Appraisals for Other Litigation ......................................................... 503

**23**  Standards of Practice ....................................................................... 531

       Addenda ........................................................................................... 545

       Index ................................................................................................. 583

law, nor shall private property be taken for public use without just compensation."[19] This provision of the constitution does not grant the U.S. Government the right of eminent domain, but it does limit the sovereign's inherent power by providing that it cannot be exercised without payment of just compensation to the owner of the property taken.

This provision of the U.S. Constitution has no effect on the powers of the states. However, Section 1 of the Fourteenth Amendment of the U.S. Constitution reads in part, "nor shall any state deprive any person of life, liberty, or property without due process of law." This due process of law provision of the amendment has been interpreted as requiring payment of just compensation for the taking of property.[20] In fact, every state in the Union, except North Carolina[21], has a provision in its constitution for the payment of compensation to the owner of property acquired through eminent domain.[22]

# JUST COMPENSATION

> [T]he individual has a fundamental right to compensation when his land is taken for the public use and…the legislature is bound by unwritten restrictions to respect this right. Disregard of this right has been held to be a violation of the "unwritten law," of the "spirit of the Constitution," and of "common law principles," against "natural equity," and a travesty of "natural justice."[23] [Citations omitted]

Not all state constitutions refer to *just compensation*. Terms such as *adequate, reasonable*, and *due* are used in some constitutions in conjunction with *compensation*. The adjectives used to describe compensation do not alter its meaning, but rather emphasize it. It has been said that it is difficult to imagine *unjust compensation*. About half of the state constitutions provide for compensation to be paid for the taking of, *or damage to*, private property by the sovereign.[24]

Even in jurisdictions that do not have a constitutional provision that includes damages, it has been universally held that damages to a remainder parcel in a partial taking case are part and parcel of just compensation in a constitutional sense. The basic premise is that the owner must be compensated for the taking of the land, as opposed to being compensated for the land taken.[25] It is also generally recognized that property encompasses the entire bundle of rights inherent in the ownership of the real estate and that the taking or infringement on these rights often constitutes a taking, even if no part of the physical real estate is taken. The taking of all access rights is an example of such a taking. "Clearly an owner of land abutting on a street or highway cannot constitutionally be deprived of all access to his premises without compensation…total deprivation of access is equivalent to a taking requiring compensation…"[26]

19. U. S. Const. amend. V.

20. *De Salvo v. Arkansas Louisiana Gas Co.*, 239 F. Supp. 312 (E.D. Ark. 1965).

21. *Nichols'*, vol. 1A, §4.8 (1990).

22. "North Carolina recognizes this fundamental right to just compensation as so grounded in natural law and justice that it is part of the fundamental law of the State." *Debruhl v. State Highway & Public Works Comm.*, 102 S.E.2d 229, 232 (N.C. 1958).

23. *Nichols'*, vol. 1A, §4.8 (1990).

24. *Nichols'*, vol. 2, §6.01[5] (1990).

25. *Bauman v. Ross*, 167 U.S. 548 (1897)

26. 26 Am. Jur. 2d. *Eminent Domain* §200.



CHAPTER 4

# *Property Rights*

## DEFINITIONS

In appraisal terminology, *real estate* refers to "the physical land and appurtenances affixed to the land, *e.g.*, structures."; *real property* refers to "all interests, benefits, and rights inherent in the ownership of physical real estate."[1] The appraiser must use these terms carefully because many states regard them as synonymous by statute.[2]

*Property* is defined "[a]s the term appears in constitutional provisions respecting taking of property: a word of general import, extending to every species of right and interest, capable of being enjoyed as such, upon which it is practicable to place a money value."[3] *Property rights* are "[e]conomic interests supported by the law."[4] In real estate, these property rights are referred to as the *bundle of rights* because "[o]wnership of a parcel of real estate may embrace a great many rights, such as the right to its occupancy and use; the right to sell it in whole or in part; the right to bequeath; the right to transfer, by contract, for specified periods of time, the benefits to be derived by occupancy and use of the real estate. These rights of occupancy and use are called beneficial interests."[5] "The degree, quantity, nature, and extent of interest which a person has in real and personal property"[6] is called an *estate*.

1. *The Appraisal of Real Estate*, 10th ed. (Chicago: Appraisal Institute, 1992), 6.
2. *Black's Law Dictionary*, abr. 6th ed., s.v. "real estate."
3. *Ballentine's Law Dictionary*, 3d ed., s.v. "property."
4. Ibid., s.v. "property rights."
5. American Institute of Real Estate Appraisers and the Society of Real Estate Appraisers, *Real Estate Appraisal Terminology*, rev. ed., Byrl N. Boyce, ed. (Cambridge, Mass.: Ballinger Publishing Company, 1981), 35–36.
6. *Black's*, s.v. "estate."