**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CITY OF EAST ST. LOUIS, ILLINOIS,<br><br>Plaintiff.<br><br>v.<br><br>MONSANTO COMPANY,<br>PHARMACIA LLC, and SOLUTIA INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:21-cv-232-DWD |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE NEW AFFIRMATIVE OPINIONS IN DR. RANDALL BELL'S JANUARY 28, 2025 REBUTTAL REPORT**

Dr. Bell's so-called "refinement" of his opinions regarding loss-of-use damages is a transparent attempt to belatedly and improperly tack on nearly two decades of additional damages from 1955 to 1973 at the close of expert discovery. Nothing in the City's Opposition changes that conclusion. The City's efforts to recharacterize these opinions asserting newly claimed damages as rebuttal cannot withstand scrutiny because the City does not (and cannot) point to any opinion by Defendants' experts—much less in the specific report Dr. Bell purportedly rebuts—that addresses damages prior to 1973. Nor can the City justify Dr. Bell's eleventh-hour opinions as based on "new" evidence. To the contrary, Dr. Bell admitted that he changed his opinions at the direction of counsel based on this Court's dismissal of more than $3 billion in claimed damages. And the City—in a complete lack of candor—fails to disclose that it *quoted* most of the supposedly "new factual information" *in its operative complaint from two years ago*.

The City's efforts to sandbag Defendants with new opinions inflating damages would be prejudicial if allowed to go forward. Defendants' February 7, 2025 deposition of Dr. Bell did not resolve all of the resulting issues—including regarding the alleged contamination and valuation of the parcels at issue since 1955—nor could it. Remedying the prejudice to Defendants would

require re-opening fact and expert discovery, which would necessarily delay the June 16, 2025 trial. The Court, under Rule 37(c), should therefore strike Dr. Bell's new affirmative opinions purporting to extend the damages period to 1955 or, alternatively, reopen both fact and expert discovery to allow Defendants to conduct necessary discovery regarding Dr. Bell's new opinions.

## ARGUMENT

### I. The City Concedes That Dr. Bell's New Opinions Do Not Contradict Or Rebut Anything In JLL's Reports.

The City all but concedes that Dr. Bell's new opinions do not satisfy the well-established requirement that a rebuttal report must be "intended solely to contradict or rebut evidence on the same subject matter" in the opposing expert's report. Fed. R. Civ. P. 26(a)(2)(D)(ii); *accord Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008) ("The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." (internal quotation marks omitted)). Dr. Bell's new damages opinions, predicated on alleged PCB contamination between 1955 and 1973, does not rebut any specific opinion offered by defense real estate appraiser experts from JLL Valuation & Advisory Services, LLC ("JLL"). In light of that fact, the City's Opposition proceeds at a higher level of abstraction, characterizing "Bell's use effect thesis" as the "truly contradictory element" to "JLL's 'actual use' framework." Opp. 7. But other than claim that the "1955 revised assessment date is just a factual extension of the same rebuttal," the City cannot explain how that change in Dr. Bell's opinions "contradict[s] or rebut[s]" JLL's report. *Id.* Nor could it—as explained in Defendants' motion, none of its experts' reports, including JLL's, discuss any damages before 1973. Mot. 10.[1]

[1] Even if the City could shoehorn two additional decades of damages into Dr. Bell's critique of "actual use" (it cannot), those still would not be valid rebuttal opinions. JLL's "actual use" opinion has not changed since its initial July 9, 2024 report. *See* Ex. 3, JLL July 9, 2024 Report at 10-11 (critiquing Dr. Bell for "ignoring the 'actual use' of the 273 properties"). Dr. Bell produced a rebuttal report on September 10, 2024, noting that "any formal rebuttal" to JLL's opinion would

As a result, the City falls back on its claim that Dr. Bell's opinions are rebuttal opinions because they purportedly involve the "same subject matter" as the JLL reports. *See* Opp. 2-9 (using the phrase 13 times). The authority on which the City relies makes clear that the City fundamentally misreads Rule 26(a)(2)(D)(ii) by reading out "contradict or rebut." The "contradict or rebut" element is a necessary prerequisite to satisfying Rule 26(a)(2)(D)(ii)'s "same subject matter" requirement. For example, in *Green v. Kubota Tractor Corp.*, the court held that it was precisely "*[b]ecause* the [expert's] opinions specifically rebut[ted] the opinions of the defendants' experts"—*i.e.*, that they were "specifically targeted at the expert evidence proffered by the defendants and … either contradict or rebut that evidence"—that "they satisfy[ied] the 'same subject matter' requirements of Rule 26(a)(2)(D)(ii)." 2012 WL 1416465, at *5, *7 (N.D. Ill. Apr. 24, 2012) (emphasis added).[2] On the other hand, where opinions do not "contradict, impeach or defuse the impact of the evidence offered by an adverse party,"—even where they relate to the general subject matter in dispute—they are "offered only as additional support to an argument made in a case in chief" and are thus "improper on rebuttal." *Peals*, 535 F.3d at 630 (internal quotation marks omitted); *accord Black & Decker Corp. v. Positec USA Inc.*, 2015 WL 5612340,

---

be issued on September 23, 2024. *See* Ex. 4, Bell September 10, 2024 Report at 1. But Dr. Bell did not submit a formal rebuttal report regarding JLL's opinion, and the time to do so expired on October 4, 2024. *See* Dkt. No. 167. And nothing in JLL's supplemental report—submitted on January 7, 2025 in response to the Court's order permitting it to supplement its report "based on the St. Clair County Trustee-City of East St. Louis Assignment and/or information discovered during the new fact-discovery period ending on January 3, 2025," Dkt. No. 222, at 1—changed JLL's actual use damages methodology. *See* Ex. 5, JLL January 7, 2025 Suppl. Report. Indeed, the January 7, 2025 report does not even mention "actual use" or "use effect" damages. *See id.* at 1-18. Dr. Bell's new opinions thus do not constitute proper rebuttal opinions of either JLL report.

[2] *Accord Cage v. City of Chicago*, 2012 WL 5557410, at *5 (N.D. Ill. Nov. 14, 2012) (rebuttal report "concerned the shortcomings" of the opposing expert report it was intended to rebut); *Ernst v. City of Chicago*, 2013 WL 4804837, at *1 (N.D. Ill. Sept. 9, 2013) (a "rebuttal expert must address the same subject matter *as the report it critiques*" (emphasis added)); *Washington v. Boudreau*, 2022 WL 4599708, at *14-15 (N.D. Ill. Sept. 30, 2022) (rebuttal report "describes and responds to the opinions and potential testimony that would be offered" by other experts).

at *14 (N.D. Ill. Sept. 22, 2015) (supplemental report may correct an expert's "earlier omissions," but may not "change Defendants' theory of the case or introduce new opinions").

Because Dr. Bell's new opinions expanding the period of claimed loss-of-use damages to 1955 are not "intended solely to contradict or rebut" any report of Defendants' experts, they are not proper rebuttal opinions under Rule 26(a)(2)(D)(ii).

## II. No "New" Evidence Justifies Dr. Bell's Late Opinions.

The City's attempts to justify Dr. Bell's late opinions by claiming it was in response to "newly surfaced discovery materials," Opp. 5, are entirely disingenuous and squarely contradicted by Dr. Bell's own sworn account.

The supposedly "new" evidence the City cites is not new. The two 1955 Monsanto memoranda relating to Aroclors that the City points to, *see* Opp. 6, were quoted by the City in its operative second amended complaint, which it filed nearly two years ago on April 24, 2023. *See* ECF No. 129 ¶¶ 34-35. And deposition testimony from defense environmental engineering expert Dr. Danny Reible was taken more than six months ago, on August 16, 2024. Approximately a month later, Dr. Bell issued his first rebuttal report—which made no mention of damages predicated on the period between 1955 and 1973. If Dr. Reible's testimony was actually a "key driver in the decision to extend the damages period back to 1955," Opp. 6, then Dr. Bell would have addressed this issue in his first rebuttal report issued in September 2024.

In fact, Dr. Bell made clear in his deposition that he developed his new opinions at the direction of the City's counsel in response to the Court's order dismissing claims for which Dr. Bell had previously estimated $3 billion in damages. *See* Mot. 7-8.[3] The Court should reject the

[3] Indeed, when questioned about the documents cited in his report, Dr. Bell disclaimed being "a liability expert" and said he "would defer to others"—he did not specify whom—on whether they supported "changing the date from 1973 back to 1955." Ex. 6, Bell Rebuttal Dep. 25:9-20.

City's transparent attempt to conjure up a more palatable motive for issuing Dr. Bell's new opinions.

**III. Dr. Bell's Late Opinions Prejudice Defendants And Will Affect The Trial Date.**

The City speciously argues that Defendants should not have been surprised by the disclosure of nearly two decades worth of additional damages in purported rebuttal opinions at the final hour of expert discovery. Nothing in the documents cited by the City put Defendants on notice that the City was going to be claiming loss-of-use damages back to 1955—more than a decade before Dr. Bell claims that the public became aware of PCBs as a potential contaminant, and years before the technologies and techniques were available to find trace levels of PCBs in the environment. *See* Ex. 1, Bell Dep. 128:10-22; Ex. 2, Erickson Dep 31:9-19. And Dr. Bell's subsequent deposition did not, and could not, resolve a number of critical issues, including the circumstances that led to the City's alleged acquisition of these parcels, the prices (if any) the City paid for these parcels, and the condition or existence (if any) of each parcel's improvements. If Dr. Bell's new opinions are permitted to remain in the case, discovery into these issues is necessary so Defendants have a fair opportunity to defend against the City's previously undisclosed damages claim. *See Charles Koen & Assocs. v. City of Cairo*, 909 F.2d 992, 1000 (7th Cir. 1990). Reopening discovery into the ownership and use data for the subject properties from 1955 through 1973 will delay the trial past its current start date of June 16, 2025.

**CONCLUSION**

Because Dr. Bell's opinions expanding the damages timeframe to include the period from 1955 to 1973 are improper new affirmative opinions, and because the City's delay is neither justified nor harmless, the Court should strike Dr. Bell's new affirmative opinions under Rule 37(c). In the alternative, the Court should permit Defendants to conduct limited fact and expert discovery to explore ownership and use data for the subject properties from 1955 through 1973.

Dated: March 12, 2025

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Justine Goeke*
Justine Goeke (*pro hac vice*)
jgoeke@gibsondunn.com
200 Park Ave
New York, NY 10166
Telephone: 212.351.5372

Russell B. Balikian (*pro hac vice*)
rbalikian@gibsondunn.com
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8535

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Tyler W. Schwettman*
Adam E. Miller (6206249)
amiller@shb.com
Tyler W. Schwettman (6333327)
tschwettman@shb.com
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
Telephone: 314.690.0200

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

*/s/ Charles R. Hobbs II*
Charles R. Hobbs II (625917)
Ron.Hobbs@lathropgpm.com
The Plaza in Clayton
190 Carondelet Plaza, Suite 1400
St. Louis, MO 63105
Telephone: 314.613.2800

*Attorneys for Defendant Solutia Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of March 2025, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Tyler W. Schwettman*__

*Attorney for Defendants Monsanto Company and Pharmacia LLC*