**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CITY OF EAST ST. LOUIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:21-cv-232-DWD** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHARMACIA LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE ARGUMENT OR EVIDENCE OF "INCORPORATED TO BE A SEWER" STUDENT PAPER**

Defendants move to preclude the City from referencing—either through attorney argument or their witnesses' testimony—a student term paper entitled "Incorporated to Be a Sewer: A Historical Analysis of Industrial Pollution in Sauget, Illinois" by Fiona Eckert (hereinafter, "the Student Paper"). Ms. Eckert wrote the paper as a college senior at Washington University in St. Louis and conducted her research for it via "general searches and website exploration"—i.e., by Googling. It was not written by a professional historian or expert, is unsupported by professional methodologies, is not published in any peer reviewed publication, and consists of *political* arguments against the incorporation of Sauget in the 1920s. Its substance is thus not the kind of material on which an expert in any related discipline would rely in forming their opinion, and no expert in this case has.

At the deposition of Defendants' expert Mr. Charles T. Brigden of consultancy Jones Lang LaSalle (JLL), Plaintiff's counsel noted JLL's citation to the Student Paper for a single image on pg. 41 of their report: an uncontroversial map of the Sauget area and the historical location of Monsanto's and other facilities there. Exhibit 1 (7/9/2024 Expert Report of Richard Roddewig) at 41 & n.48. That was the full extent of JLL's reference to the paper. *See* Exhibit 2 (1/17/2025

Deposition of Charles Brigden ("Brigden Dep.")) at 58:6-66:23. Plaintiff has never disputed the accuracy of this map. Despite Mr. Brigden's repeated denial that JLL relied on the Student Paper beyond the one map, Plaintiff's counsel read from it at length to insert its claims into the record without supporting witness testimony. *Id.*

JLL's borrowing of a map does not open the door for Plaintiff's counsel to read page after page from the paper's incendiary text without any connection to the witness's testimony. The text of the paper is irrelevant hearsay not within any exception, the substance of which spans well beyond any theory of liability in Plaintiff's case, focusing instead on Monsanto's supposed evasion of *tax* liability and laced with unfairly prejudicial discussions of "environmental justice," racial politics, accusations of "devastating violence" and "human damage" without any explanation, claims that Sauget lacks any "social contract," and rampant vilification of Defendants for being corporations and for seeking to make profit. *See* Exhibit 3 (Student Paper) at 1-4.

In particular, the passages read by Plaintiff's counsel in Mr. Brigden's deposition describe the presence of the Sauget facilities as "[r]obbing neighborhood communities of the economic prosperity promised by new industry," "deal[ing] a major economic blow to neighboring East St. Louis," creating a "gross superposition of selfish interests over public welfare," "plac[ing] profit above all else," "abuse of power," and various claims about the permanence of contaminants, health effects, and anecdotes drawn from other hearsay sources. *See* Exhibit 2 (Brigden Dep.) at 58:6-66:23. All of this without any connection to any expert's opinion, merely Plaintiff's counsel reading page after page then asking "I read that correctly, sir?" *Id.* at 60:22, 61:22-23, 62:21, 63:11, 66:9-10.

The Court should prohibit Plaintiff from reading this document before the jury and from questioning Mr. Brigden or any other witness on it. The Court should especially exclude any

portion of the paper that includes inflammatory, unfairly prejudicial language and topics like "environmental justice," racial politics, accusations of violence, relation to the "social contract," "selfish interests," and vilification of Defendants for pursuing profit or for simply being corporations, among others.[1]

## LEGAL STANDARD

As a general principle, "relevant evidence is admissible and irrelevant evidence is not." *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (citing Fed. R. Evid. 402) (citation modified). But even relevant evidence is properly excluded where its "probative value is substantially outweighed by a danger of unfair prejudice," i.e., "it will induce the jury to decide the case on an improper basis." *Davies v. Benbenek*, 836 F.3d 887, 890 (7th Cir. 2016) (citation modified).

Relevant evidence is also inadmissible if it is hearsay, unless an exception applies. *See Thomas v. Walmart Inc.*, 2025 WL 2696344, at *3 (N.D. Ill. Sept. 22, 2025); Fed. R. Evid. 802. "Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted." *United States v. Breland*, 356 F.3d 787, 792 (7th Cir. 2004) (citation omitted). Notably, experts may rely upon inadmissible hearsay sources in forming and testifying to their opinions. *Sommerfield v. City of Chi.*, 254 F.R.D. 317, 328 (N.D. Ill. 2008). But again, "the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect," Fed. R. Evid. 703, and "[a]n expert may not freely relate hearsay to the fact finder," *United*

[1] Defendants dispute that any claims in this action should be tried to a jury, as detailed in their pending Motion for Judicial Determination of Plaintiff's Demand for Jury Trial. *See* Docs. 357, 362.

*States v. Haywood*, 2019 WL 6825416, at *2 (C.D. Ill. Dec. 13, 2019), serving as merely a conduit through which hearsay is brought before the jury, *see United States v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987).

## ARGUMENT

### I. The Student Paper Is Hearsay Not within Any Exception.

The Student Paper is an eighteen-page out-of-court statement that Plaintiff would be offering for the truth of the matters asserted therein. It is textbook hearsay not within any exception or exemption. *Breland*, 356 F.3d at 792; *Thomas*, 2025 WL 2696344, at *3. Rule 703 provides that an expert may rely upon inadmissible statements or materials, including hearsay, in offering his opinion. *Sommerfield*, 254 F.R.D. at 328. However, no rule provides that where an expert is asked whether he relied on a source and specifically *disclaims* reliance on it, opposing counsel may read long excerpts of that source into the record under the pretext of repeating the statements as questions. The extent of Mr. Brigden's use of the Student Paper is clear: he borrowed its uncontroversial map– the accuracy of which no one contests. He disclaims any reliance on its text or on any other figure. Indeed, Plaintiff's counsel did not even establish at deposition whether Mr. Brigden had ever *read* the text. It is thus unsupported by the personal knowledge of any witness and inadmissible.

Nor does any hearsay exception apply to render it admissible. It is not a treatise, periodical, or pamphlet to qualify under Federal Rule of Evidence 803(18), but rather an undergraduate term paper based only upon search engine results, which cannot be "established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(18)(B). Mr. Brigden disclaims it. Neither of Plaintiff's experts who include it among their materials considered—Dr. Bell or Dr. Zeliger—have cited it for any contention in their reports

to establish it as a reliable authority. Nor would either, as a real estate appraiser or chemist, be qualified to speak to the Student Paper's reliability on issues of early 20th century industrial history, municipal tax policy, local crime and violence, or other matters included in it. *See* Exhibit 4 (2/16/2024 Expert Report of Randall Bell) at 94, ¶ 279; Exhibit 5 (2/12/2024 Expert Report of Harold Zeliger) at 48, ¶ 142.

It is also not subject to judicial notice, as neither the paper nor the issues it covers are "generally known within the trial court's territorial jurisdiction," nor can they "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Student Paper is an extremely tendentious, prejudicial writing with a clear ideological bent, and every issue that it covers is complex and subject to reasonable debate. The substance of such opinionated writings is not subject to judicial notice. *See*, *e.g.*, *Tech. LED Intell. Prop., LLC v. Irtronix, Inc.*, 2020 WL 5751227, at *2 n.1 (C.D. Cal. Apr. 10, 2020) ("The Court will not take judicial notice of an op-ed piece . . . as the Court concludes that this editorial is not the stuff of judicial notice."); *Laws. for Fair Reciprocal Admission v. Timmer*, 788 F. Supp. 3d 1000, 1012 n.5 (D. Ariz. 2025) (denying judicial notice where the plaintiff "would like to introduce the article not just to acknowledge its existence, but to bring its contents into consideration").

Nor is any part of the Student Paper admissible under the rule of completeness. *See* Fed. R. Evid. 106. Rule 106 does not "require[] the admission of the entire statement once any portion is admitted" but "only when the omitted portion is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Herman*, 997 F.3d 251, 263-64 (5th Cir. 2021) (citation modified). "The party urging admission must thus specify any portion of the writing or recording that is relevant and that qualifies or explains portions already admitted." *United States v. Green*, 83 F.4th 696, 704 (8th Cir. 2023) (citation modified). The map is not an argument or

statement and no one contests its accuracy anyway, therefore no portion of the Student Paper is necessary to "qualify, explain" the map "or place [it] into context" in the interest of "fairness." *Herman*, 997 F.3d at 263-64 (citation omitted).

Mr. Brigden and JLL did not rely upon any statement in the text of the Student Paper. Plaintiff would use Mr. Brigden's borrowing of an uncontroversial map from it as a pretext for reading the Student Paper at length before the jury, cross-examining Mr. Brigden on its text, or having their experts discuss it. Any attempt to do so is inadmissible hearsay.

## II. The Student Paper Has No Probative Value but Stands to Produce Considerable Unfair Prejudice.

The Student Paper is further inadmissible as it is irrelevant to Plaintiff's claims. *See* Fed. R. Evid. 402. Nothing in it relates to the operative issues in this case: the level of PCBs in the soil of Plaintiff's properties, the extent of remediation required, the effect on property values, or related questions. The Student Paper is about the incorporation of Sauget as a separate municipality and the author's arguments for why she deems that contrary to "environmental justice," based on (1) a general discussion of industrial pollution including not only PCBs manufactured by Defendants but a wide variety of pollutants from other companies and industries and (2) arguments that those industries unjustly paid lower taxes while still receiving certain public services, e.g., public schools and fire protection, from East St. Louis. *See* Exhibit 3 (Student Paper) at 2, 7-9.

To begin with, the concept of "environmental justice" is an ethical concept, and matters of ethical judgment are not proper subjects of even expert opinion testimony (much less something that can be introduced via hearsay statements in a publication read to the jury). *See Fisher v. Ethicon, Inc.*, 624 F. Supp. 3d 972, 979 (C.D. Ill. 2022) ("matters related to corporate conduct and ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury") (citation modified); *Williams v. Ethicon, Inc.*, 2021 WL 857747, at *7 (N.D. Ga.

Mar. 8, 2021) (same); *In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 4212409, at *3 (S.D. W. Va. Sept. 4, 2018) (same). No expert may testify to such abstract questions of whether any conduct is, in their personal estimation, "just."

The Student Paper is also unfairly prejudicial, casting Monsanto as liable by association with "industry" at large. Exhibit 3 (Student Paper) at 7-9; *see*, *e.g.*, *Carter v. District of Columbia*, 795 F.2d 116, 126-28 (D.C. Cir. 1986) (permitting counsel to read at length from articles on unrelated misconduct was reversible error). Other claims and descriptions, i.e., of Sauget's incorporation "[r]obbing neighborhood communities of the economic prosperity promised by new industry" and "deal[ing] a major economic blow to neighboring East St. Louis" are further irrelevant and unsupported. Exhibit 3 (Student Paper) at 7. Even where Plaintiff might attempt to connect the presence of PCBs to broader economic decline in East St. Louis, its Complaint does not allege that any part of its injuries trace from the *incorporation* of Sauget. Yet that is the argument made in the Student Paper. That narrative, in addition to being unsupported by required expert testimony, is irrelevant to any of Plaintiff's claims.

The Student Paper contains multiple other examples of highly charged, unfairly prejudicial language that has no relation to any cause of action, stating, e.g., that Sauget's incorporation created a "gross superposition of selfish interests over public welfare," and an "abuse of power." *See* Exhibit 2 (Brigden Dep.) at 63:16-66:12. And the paper is riddled with incendiary discussions of "corporate interests," "the pursuit of profit," "profitability," "profit margins," "plac[ing] profit above all else," and the "heinous profit motivations." Exhibit 3 (Student Paper) at 2-3, 7, 17-18.

The law consistently excludes such blatant appeals to jurors' anti-corporate prejudices or vilification of profit that is unconnected to the conduct complained of. *See Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142-43 (6th Cir. 1969) (reversing and remanding for

new trial due to plaintiff's counsel's references to defendant as "a corporation and a large organization" in closing argument); *Davis v. Lakeside Motor Co.*, 2014 WL 6606044, at *2 (N.D. Ind. Nov. 20, 2014) ("arguments that appeal to prejudice against corporations are improper"); *Browar v. Unum Life Ins. Co. of Am.*, 2018 WL 11184648, at *4 (N.D. Ill. Dec. 12, 2018) (granting motion in limine excluding "any argument or evidence about [a defendant's] corporate size, status as a nationwide corporation") (citation modified); *Parker v. Ritz*, 2022 WL 769232, at *2 (S.D. Ill. Mar. 14, 2022) (granting motion in limine excluding argument that defendant is "for-profit" or a "big corporation") (citation modified); *Thomas v. Ritz*, 2018 WL 1784473, at *1 (S.D. Ill. Apr. 13, 2018) (same); *Mapes v. Indiana*, 2020 WL 1987260, at *4 (S.D. Ind. Apr. 27, 2020) ("Plaintiff's vague allegations of . . . 'abuse of power,' and the like are insufficient to alert the Court or the Defendants to what particular actions Plaintiffs assert the Defendants are liable for."). Any such argument here, whether based in the Student Paper or otherwise, would be unfairly prejudicial and impair Defendants' right to a fair trial.

The same is true of factually unsupported claims that Monsanto "sanctioned violence" against East St. Louis and its population. Exhibit 3 (Student Paper) at 1, 3, 18. The student author defines this "violence" as Monsanto's alleged effort "to accrue capital at any cost," "necessarily sanction[ing] environmental and human violence" by its "heinous profit motivation," and creating "human suffering." *Id.* at 18. This highly polemical writing and figurative use of the word "violence" has no probative value and is patently and unfairly prejudicial.

## **CONCLUSION**

The Court should prohibit Plaintiff's counsel and experts from referencing or relying upon the student term paper "Incorporated to Be a Sewer," which is inadmissible hearsay, as well as irrelevant and unfairly prejudicial.

Dated: February 24, 2026

Respectfully submitted,

**KING & SPALDING LLP**

Tracie J. Renfroe
Mitchell B. Bryant
1100 Louisiana Street
Suite 4100
Houston, TX 77002
(713) 751-3200 (telephone)
trenfroe@kslaw.com
mbbryant@kslaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**

*<u>/s/ Ann E. Blackwell</u>*
Ann E. Blackwell
Darci F. Madden
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com
darci.madden@bclplaw.com

**GOLDMAN ISMAIL TOMASELLI**

Emma Ross
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 681-6000 (telephone)
eross@goldmanismail.com

**SHOOK, HARDY & BACON L.L.P.**

Abigail Fears
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
(314) 690-0200 (telephone)
afears@shb.com

**McDERMOTT WILL & SCHULTE LLP**

Anthony Upshaw
Asra A. Chatham
333 SE 2nd Ave., Ste. 4500
Miami, FL 33131
(305) 358-3500 (telephone)
aupshaw@mwe.com
achatham@mwe.com

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

Charles R. Hobbs II
The Plaza in Clayton
190 Carondelet Plaza, Suite 1400
St. Louis, MO 63105
(314) 613-2800 (telephone)
Ron.Hobbs@lathropgpm.com

*Attorney for Defendant Solutia Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of February 2026, the foregoing was filed using the Court's CM/ECF system, which will serve notice upon all counsel of record.

*/s/ Ann E. Blackwell*
Ann E. Blackwell