# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Hardeman v. Monsanto,* 3:16-cv-00525-VC | **PRETRIAL ORDER NO. 114: ORDER REGARDING OUTSTANDING EVIDENTIARY ISSUES FROM PTO 81** |

This order addresses the Phase 2 evidentiary issues left unresolved by the Court's prior ruling on the parties' motions in limine. *See* Pretrial Order No. 81 (Dkt. No. 2775).

1. With respect to Monsanto's motion in limine 1, evidence of Monsanto's conduct surrounding the IARC classification is excluded pursuant to Monsanto's motion in limine 7 to exclude evidence of company conduct that post-dates the plaintiff's use of Roundup.

2. With respect to the plaintiff's motion in limine 5, evidence of the EPA's conclusions and Monsanto's conduct with respect to the EPA will generally be admissible (subject, of course, to specific evidentiary objections relating to particular pieces of evidence), again as long as it occurred before the plaintiff stopped using Roundup.

3. Monsanto's motion in limine 11.2 to exclude discussion of the IBT studies is largely denied. The fact that those studies were invalidated is relevant both to whether the EPA properly approved Roundup in the 1970s, and to whether Monsanto had reliable evidence at the time to

support its conclusion that Roundup was not carcinogenic. However, evidence about why they were invalidated, about Dr. Wright, or about the broader IBT fraud scandal is excluded under Rule 401. Even if this evidence were marginally relevant, it would be excluded under Rule 403.

**IT IS SO ORDERED.**

Date: March 13, 2019



Honorable Vince Chhabria
United States District Court