**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CITY OF EAST ST. LOUIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:21-cv-232-DWD** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHARMACIA LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 15 TO EXCLUDE TESTIMONY SUGGESTING SPECIAL DUTIES, ETHICAL DUTIES, MORAL DUTIES, AND UNSUPPORTED "CHEMICAL INDUSTRY STANDARDS"**

Defendants respectfully move *in limine* to preclude Plaintiff from offering evidence, testimony, or argument involving moral, ethical, or unsupported supposed industry safety standards or Defendants' alleged failure to meet those standards. Defendants' conduct must be measured against the governing law, not moral or ethical standards. And any purported industry standards must be substantiated and consistent with governing law. Plaintiff's expert witness who offers such opinions has failed to tether them to any governing law, and his opinions are likely to confuse the jury into believing that the "standards" he discusses are legal standards.[1] Any testimony, therefore, suggesting that Defendants acted immorally or unethically, or that Defendants violated any set of purported "customs" or industry "standards" proposed by Plaintiff, is irrelevant, unhelpful, impermissibly prejudicial, and misleading to the jury and should be excluded under Rule 403. For the reasons discussed below, the Court should prohibit Plaintiff from

[1] Defendants dispute that any claims in this action should be tried to a jury, as detailed in their pending Motion for Judicial Determination of Plaintiff's Demand for Jury Trial. *See* Docs. 357, 362.

offering testimony suggesting ethical duties, moral duties, or unsupported "chemical industry standards."[2]

## FACTUAL BACKGROUND

In prior PCB trials, Plaintiff's retained experts have labeled Defendants as immoral and unethical. For example, in one case, one of the same expert witnesses who is expected to testify for Plaintiff here, David Rosner, opined that Monsanto had failed moral and ethical responsibilities. In particular, Dr. Rosner testified that Monsanto had a moral duty to warn its customers' customers. Exhibit A (Excerpt of Trial Transcript in *Mullen-DeLand v. Pharmacia LLC*, No. 21-2-14303-9 SEA, Wash. Super. Ct., King Cnty. ("*Mullen-Deland* Trial Tr.")) at 1856:1-1857:16.

Dr. Rosner also previously has suggested at trial that Defendants violated a host of supposed "Chemical Industry Safety Customs and Standards." His assertions were ***framed*** as legal duties, but they reflected little more than the views of Dr. Rosner. In fact, by Dr. Rosner's own admission, his "Chemical Industry Safety Customs and Standards" are not published in any kind of scientific journal, rather they are his demonstratives for a courtroom. Exhibit B (Excerpt of Trial Transcript in *Clinger v. Pharmacia LLC*, No. 18-2-54572-2 SEA, Wash. Super. Ct., King Cnty. ("*Clinger* Trial Tr.")) at 2354:13-17. Dr. Rosner's purported industry "customs" and "standards" have no basis in state law. In fact, some are contrary to law. For example, Dr. Rosner has testified that an industry standard required manufacturers to conduct long-term, chronic toxicity testing in animals on all chemical products before marketing them. *See* Exhibit C (Excerpt of Trial Transcript

[2] Defendants have separately moved to exclude these opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because they also do not meet the standard for reliable scientific or technical evidence. *See* Doc. 258. But even if the Court finds that they do not violate the *Daubert* standard, they are still unfairly prejudicial and confusing and should be excluded under Rule 403.

in *Bard v. Pharmacia LLC*, No. 21-2-14305-5 SEA, Wash. Super. Ct., King Cnty.) at 1487:7-1488:19. He also testified that another standard required manufacturers to "warn anyone who could be foreseeably hurt by its chemicals about how to protect themselves." *Id*. at 1546:16-23. Dr. Rosner has also testified that "manufacturers are required to make such inspection and tests in the course of the manufacturing process and afterwards as are reasonably necessary to secure the production of a safe product." *Id*. at 1570:16-1571:2. Defendants anticipate, based on prior experience, that Plaintiff may attempt to elicit similar testimony in this trial, suggesting that Defendants should be held to purported moral or ethical duties or baseless "customs" or "industry standards."

## LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even so, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

Any suggestion that ethical or moral standards are somehow equal to and coexistent with the legal standards governing Defendants' conduct is no more than a makeweight capable only of misdirecting the jury. Defendants may not be held liable for alleged moral and ethical failings, but only for violation of a recognized legal duty. Thus, any testimony or reference to Defendants' purported moral or ethical duties, or their alleged moral or ethical failings, is irrelevant and would be misleading to the jury and highly prejudicial. Courts routinely hold that evidence of purported moral or ethical duties is inadmissible because it is irrelevant and carries a significant risk of misleading the jury and unfairly prejudicing the defendant. *See*, *e.g.*, *In re Testosterone*

*Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Procs.*, No. 14 C 1748, 2017 WL 5029601, at *5 (N.D. Ill. Nov. 3, 2017) (holding that "duties imposed by morality or business ethics are generally not relevant" and carry "a risk of unfair prejudice"); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 544–45 (S.D.N.Y. 2004) (holding that ethics testimony should be excluded under Rule 403, in addition to being excludable under Rule 702 and *Daubert*, because it would "prejudice and confuse" the trier of fact by introducing those opinions as "alternative and improper grounds for decision" at the expense of "the pertinent legal standards").[3]

If Plaintiff or its experts are permitted to opine on Defendants' purported moral and ethical responsibilities, or their belief that Defendants failed to live up to those alleged responsibilities, the jury is likely to be misled into believing such alleged failures can be a basis for liability and/or punitive damages. Accordingly, such testimony is inadmissible under Rules 402 and 403. Fed. R. Evid. 402, 403. These references are irrelevant and are highly prejudicial.

Similarly, testimony suggesting that Defendants had a duty to comply with unsubstantiated industry "customs" or "standards" that are inconsistent with governing law, as Plaintiff's expert

[3] Multiple other courts have recognized the irrelevance of this kind of testimony and excluded it under Rule 702 and *Daubert*. *See*, *e.g.*, *Pantaleo v. Hayes*, No. 08 C 6419, 2013 WL 5213690, at *4 (N.D. Ill. Sept. 17, 2013) (excluding bioethicist's opinion that "consists essentially of the fact that defendants failed to comply with their moral obligations," where guidelines on which expert relied were not accepted as the standard of care for any generally accepted medical organization, stating that the witness's testimony "is essentially based only on her personal opinion of what she believes defendants should have done as opposed to what they were required to do," and observing that the testimony was neither reliable nor relevant to the issues in the case); *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, 2010 WL 7699456, at *25 (N.D. Ohio June 4, 2010) (excluding under Rule 702 "ethics testimony," "such as that defendants allegedly 'failed to meet their social responsibilities,'" because it was only defendants' conduct itself that was relevant and admissible, "not whether that conduct measures up to any moral or social standard held by an expert"); *In re Trasylol Prods. Liab. Litig.*, No. 08-MD-01928, 2010 WL 1489793, at *8 (S.D. Fla. Feb. 24, 2010) (excluding expert opinions concerning the ethical obligations of a company in part because they were irrelevant and because they rested on speculation about the company's subjective motivations).

Dr. Rosner has previously suggested, is likewise irrelevant and inadmissible. For example, contrary to Dr. Rosner's prior testimony, manufacturers do not have a duty to make "*all reasonable efforts* to ensure that their chemicals do not hurt people." Exhibit A (*Mullen-Deland* Trial Tr.) at 1244:1-14 (emphasis added); *see also* Exhibit B (*Clinger* Trial Tr.) at 2010:10-17. Rather, as relevant here, a manufacturer's legal duty is to "design reasonably safe products." *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 270 (2007). Any attempt by Plaintiff's experts to assert or imply that Illinois law imposes as a legal duty such an industry "standard" or "custom" is irrelevant and would be misleading and highly prejudicial. Therefore, any reference to alleged "chemical industry safety customs and standards" should be excluded.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude any evidence, testimony, or argument suggesting special duties, ethical duties, moral duties, or unsupported "chemical industry standards."

Dated: February 24, 2026

Respectfully submitted,

**KING & SPALDING LLP**

Tracie J. Renfroe
Mitchell B. Bryant
1100 Louisiana Street
Suite 4100
Houston, TX 77002
(713) 751-3200 (telephone)
trenfroe@kslaw.com
mbbryant@kslaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Ann E. Blackwell*
Ann E. Blackwell
Darci F. Madden
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com
darci.madden@bclplaw.com

**GOLDMAN ISMAIL TOMASELLI**

Emma Ross
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 681-6000 (telephone)
eross@goldmanismail.com

**SHOOK, HARDY & BACON L.L.P.**

Abigail Fears
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
(314) 690-0200 (telephone)
afears@shb.com

**McDERMOTT WILL & SCHULTE LLP**

Anthony Upshaw
Asra A. Chatham
333 SE 2nd Ave., Ste. 4500
Miami, FL 33131
(305) 358-3500 (telephone)
aupshaw@mwe.com
achatham@mwe.com

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

Charles R. Hobbs II
The Plaza in Clayton
190 Carondelet Plaza, Suite 1400
St. Louis, MO 63105
(314) 613-2800 (telephone)
Ron.Hobbs@lathropgpm.com

*Attorney for Defendant Solutia Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of February 2026, the foregoing was filed using the Court's CM/ECF system, which will serve notice upon all counsel of record.

*/s/ Ann E. Blackwell*
Ann E. Blackwell