**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CITY OF EAST ST. LOUIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:21-cv-232-DWD** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHARMACIA LLC, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION IN LIMINE NO. 17 TO EXCLUDE ANY SUGGESTIONS OF RACIAL BIAS**

Defendants respectfully move this Court for an order in *limine* prohibiting the City and its witnesses from injecting issues of race, purported racial bias, so-called "environmental racism," or racism more generally into the trial. As multiple courts have recognized, evidence suggesting "the racial bias or bigotry of a testifying party, *regardless* of the racial composition of the jurors, will almost always have the potential to prejudice the witness so dramatically that it will almost certainly drown out all weaker sounds that might otherwise buttress its admissibility and blunt its harmful impact." *Green v. New Jersey Mfrs. Ins. Co.*, 734 A.2d 1147, 1158 (N.J. 1999) (citation modified). In at least one prior hearing in this case and at least one other PCB trial, plaintiffs have attempted to inflame with suggestions that Monsanto is a racist company. Such tactics should not be permitted at trial.

## FACTUAL BACKGROUND

Defendants have reason to believe Plaintiff's counsel may attempt to inflame the jury with implications of racism by Defendants.[1] For example, in the hearing on February 1, 2024, Plaintiff's

[1] Defendants dispute that any claims in this action should be tried to a jury, as detailed in their pending Motion for Judicial Determination of Plaintiff's Demand for Jury Trial. *See* Docs. 357, 362.

counsel described this case as being about "[t]he continuing history of corporate wealth putting its knee on the neck of the City and holding it down" (echoing the well-publicized killing of Black citizen George Floyd by a White police officer who knelt on his neck). *See* Exhibit A (2/1/2024 Hr'g Tr.) at 26:6-8. Indeed, counsel repeated the characterization later in the hearing, arguing that "East St. Louis is a devastated city in part because corporate wealth has put a knee on their neck." *Id.* at 28:17-18.

This is not the first time plaintiffs' counsel in a PCB case has invoked the specter of racism. In another trial, plaintiffs offered into evidence a nearly 100-year-old medical journal article that contained a racist statement that plaintiffs tried to attribute to Monsanto (the "Article"). The Article, authored by two academic dermatologists, was focused on dermatological complaints of a Black male factory worker who was exposed to contaminated benzene at a PCB plant operated by a predecessor of Monsanto. *See* Exhibit B (Jack W. Jones & Herbert S. Alden, *An Acneform Dermatergosis* ("Jones & Alden Case Study")). But the authors also discussed in passing other complaints by the worker, including a complaint of "lassitude" and observed that this complaint was "not borne out by anything more than the usual temperament of the Negro toward work." *Id.*

Although there was no evidence that Monsanto had caused the authors to make such a statement or that Monsanto ever agreed with it, prior plaintiffs tried to associate it with Monsanto by pointing out that Monsanto had cited the dermatologists' underlying study. However, because such statements invite decision on an improper basis, references to the dermatologists' racist observation have since been excluded by other courts considering the issue. *See*, *e.g.*, Exhibit C (8/17/2023 Trial Transcript in *Heit v. Pharmacia LLC*, No. 18-2-55641-4 SEA, Wash. Super. Ct., King Cnty.) at 436:25-439:11; Exhibit D (11/16/2023 Order on Exhibit 59 in *Bard v. Pharmacia LLC*, No. 21-2-14305-5 SEA, Wash. Super. Ct., King Cnty.); Exhibit E (4/18/2024 Hr'g on

Motions *in Limine* in *Brazell v. Monsanto Company*, No. 1922-CC11327, Circuit Court, St. Louis City, Mo.) at 205:20-207:7; Exhibit F (8/14/2024 Order on Defendants' Motions *in Limine* in *Rose v. Pharmacia LLC*, No. 18-2-58239-3 SEA, Wash. Super. Ct., King Cnty.) at 17-18.

## ARGUMENT

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. And even relevant evidence may be excluded if "its probative value is substantially outweighed by [the] danger of … unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Evidence or argument about environmental racism, racial bias, or any other assertion that Defendants are racist companies (including reference to the irrelevant Article and the racist remark contained therein) should be excluded because it would only tend to distract and confuse the jury and prejudice Defendants. The only purpose this evidence would serve would be to malign Defendants and invite decision based on passion and prejudice rather than the facts and the law.

### A. Evidence or Argument About Racism, Including the Racist Remarks in the Article, Is Irrelevant.

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Allegations of racial bias on the part of any Defendant have no nexus to any fact to be established in this case. The Article, in particular, is about pustulant cysts suffered by workers who had direct contact with contaminated benzene. Exhibit B (Jones & Alden Case Study). This case has nothing to do with contaminated benzene, nor does it have anything to do with physical complaints of people working in a PCB plant. Allegations of racial bias, like the statements in the Article, have nothing to do with the questions that the fact-finder will have to answer here, which relate to whether PCBs migrated from Defendants' plant to properties owned

by the City, and if so, the extent to which that migration reduced the value of the properties[2] or required their remediation. Reference to alleged racial bias of Defendants, the Article or the racist remark therein is irrelevant to Plaintiffs' claims. Accordingly, Plaintiffs should be precluded from referencing such evidence or making such arguments. Fed. R. Evid. 402.

**B. Any Minimal Relevance Related to Evidence of Racial Bias is Far Outweighed by the Unfair Prejudice to Defendants.**

Allegations of racial bias should also be excluded because any minimal probative value it might possibly have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. Rule 403 exists in large part so that such emotionally reactive materials do not derail the jury's rational evaluation of evidence relevant to Plaintiffs' specific claims. *See*, *e.g.*, Fed. R. Evid. 403 1972 Advisory Committee Notes ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Evidence is prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action." *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995). Evidence that "connects a party with a highly charged public issue" is deemed "particularly prejudicial." *Id.* (citation modified).

There is no question that injecting issues of race and racism into a products liability case results in unfair prejudice. The courts have conclusively answered that question. As one state supreme court has said:

> We determine that evidence demonstrating the racial bias or bigotry of a testifying party, *regardless* of the racial composition of the jurors, will almost always have the potential to prejudice the witness so dramatically that it will almost certainly

[2] Defendants maintain that damages for diminution in value are not available in this action, because the City has alleged an abatable nuisance.

> "drown out all weaker sounds" that might otherwise buttress its admissibility and blunt its harmful impact.

*Green*, 734 A.2d at 1158, 1159 (granting new trial to defendant based on impact that evidence of defendant's racism likely had on the jury); *see also MCI Express, Inc. v. Ford Motor Co.*, 832 So. 2d 795, 800, 802 (Fla. Dist. Ct. App. 2002) (ordering new trial where trial court allowed party to play recording in which party called its employees "g**d*** Cubans"); *State v. Roberts*, 418 P.3d 41, 49 (Or. Ct. App. 2018) (approving exclusion of evidence of racism and finding "the potential for unfair prejudice arising from this type of evidence is 'manifest'"); *Floudiotis v. State*, 726 A.2d 1196, 1204 (Del. 1999) (holding it was error to admit evidence of criminal defendants' racist t-shirts because it "labeled the defendants as white supremacists" and therefore "injected race and prejudice into the proceedings with no proper purpose"). *See also McDaniel v. Loyola Univ. Med. Ctr.*, 606 F. Supp. 3d 776, 790 (N.D. Ill. 2022) (excluding under Rule 403 evidence that defendant's employee used a racial slur when speaking to the plaintiff in case alleging defendant discriminated against veterans).

Allegations of racism on the part of any Defendant are wholly irrelevant to the issues in the case but would substantially and unfairly prejudice the defense. Accordingly, any argument relating to racial bias by Defendants, including any reference to the Article, testimony related thereto, and any argument relating to environmental racism should be excluded under ER 402 and ER 403.

## **CONCLUSION**

This case should be tried on the merits of Plaintiffs' claims, not based on inflammatory and unfairly prejudicial statements injected by Plaintiffs' counsel. For the foregoing reasons, the Court should grant this Motion.

Dated: February 24, 2026

Respectfully submitted,


**KING & SPALDING LLP**

Tracie J. Renfroe
Mitchell B. Bryant
1100 Louisiana Street
Suite 4100
Houston, TX 77002
(713) 751-3200 (telephone)
trenfroe@kslaw.com
mbbryant@kslaw.com

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Ann E. Blackwell*
Ann E. Blackwell
Darci F. Madden
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com
darci.madden@bclplaw.com

**GOLDMAN ISMAIL TOMASELLI**

Emma Ross
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 681-6000 (telephone)
eross@goldmanismail.com

**SHOOK, HARDY & BACON L.L.P.**

Abigail Fears
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
(314) 690-0200 (telephone)
afears@shb.com

**McDERMOTT WILL & SCHULTE LLP**

Anthony Upshaw
Asra A. Chatham
333 SE 2nd Ave., Ste. 4500
Miami, FL 33131
(305) 358-3500 (telephone)
aupshaw@mwe.com
achatham@mwe.com

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

Charles R. Hobbs II
The Plaza in Clayton
190 Carondelet Plaza, Suite 1400
St. Louis, MO 63105
(314) 613-2800 (telephone)
Ron.Hobbs@lathropgpm.com

*Attorney for Defendant Solutia Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of February 2026, the foregoing was filed using the Court's CM/ECF system, which will serve notice upon all counsel of record.

*/s/ Ann E. Blackwell*
Ann E. Blackwell