**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CITY OF EAST ST. LOUIS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | Case No. 3:21-cv-00232-DWD |
| **MONSANTO COMPANY, et. al.,** | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANTS' REQUEST FOR COSTS</u>**

The City of East St. Louis, Illinois ("the City"), through its undersigned counsel, submits its Objections and Response to Defendants' ("Monsanto") Request for Costs, and in support states as follows:

## BACKGROUND

The City incorporates by reference as if fully set forth herein its simultaneously filed Response and Motion to Deny Defendants' ("Monsanto") Request for Costs.

On February 27, 2026, this Court granted Defendants' Motion for Summary Judgment "based on the statute of limitations and repose and the *nullum tempus* doctrine." (ECF 427, p.2). The Court held that the *nullum tempus* doctrine did not apply to this case, (ECF 427, p. 27), and that all counts were time-barred. (ECF 427, pp. 38-39).

On March 27, 2026, the Defendants filed their non-verified Request for Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Southern District of Illinois Local Rule 54.2. (ECF 435). All told, Defendants seek a total of $321,500.02 in what they term their "Bill of Costs." (ECF

435-2, Exhibit B, p. 2, "Bill of Costs"). Of this amount, $200 is for "fees for service of summons and subpoena."[1] Monsanto also seeks $93,022.52 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and $228,277.50 for "other costs," which the City understands is for alleged entitlement to retained expert fees for deposition preparation and attendance. (ECF 435-2).

**THE APPLICABLE LAW**

**Federal Rule of Civil Procedure 54(d)(1)**

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed.R.Civ.P. 54(d)(1). "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. North Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir.2007). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters.[2] *See Id.* Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *LG Electronics U.S.A., Inc. v Whirlpool Corporation*, No. 08-cv-0242, 2011 WL 5008425, at *1 (N.D. Ill. Oct. 20, 2011); *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).

A prevailing party is entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are *reasonable both in amount and necessity to the litigation*. *Deimer*

[1] In the event the Court denies the City's Motion to Deny Monsanto's Request for Costs, the City does not object to this cost.

[2] In addition, Southern District Local Rule 54.2 (Taxation of Costs) provides that "costs shall be taxed in accordance with Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, consistent with those statutory costs referenced above.

*v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). (italics added). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The prevailing party has the "burden of demonstrating the amount of its recoverable costs." *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006).

**Federal Rule of Civil Procedure 26(b)(4)(E)**

Fed. R. Civ. P. 26(b)(4)(E) provides that: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a *reasonable* fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." (italics added). Rule 26(b)(4)(E) requires that: (1) the costs of the expert not be imposed if doing so will result in manifest injustice; and (2) the expert's fees be *reasonable*. (italics added). *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F.Supp.2d 939, 954-955 (N.D. Ill. 2012), citing *Royal Maccabees Life Ins. Co. v. Malachinski,* No. 96-cv-6135, 2001 WL 290308, at *15 (N.D. Ill. Mar. 20, 2001).

In general, courts determine the reasonableness of an expert's fee by considering the following factors: (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Se-Kure Controls,* 873 F.Supp.2d at 955. *See Royal Maccabees Life Ins. Co.,* 2001 WL 290308, at *16.

The party seeking reimbursement of their expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable. *Royal Maccabees,* 2001

WL 290308, at *16. "[I]f the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion in setting the reasonable rate." *Id.* at 955.

Courts that have viewed payment for deposition preparation as mandatory under Rule 26(b)(4)(E)(i) have excluded fees where the experts do too little to justify the amount of time spent preparing. *LK Nutrition, LLC v. Premier Research Labs, LP,* No. 12-cv-7905, 2015 WL 446632, at *8 (N.D. Ill. July 21, 2015) (Because the moving party made no attempt to show the expert's time spent was reflective of the complexity of the case or the breadth of the expert's involvement, and the absence of detail in the expert's invoice, the court reduced expert's recoupable preparation time by 50%); *See, e.g., Profile Prod., LLC v. Soil Mgmt. Tech., Inc.,* 155 F.Supp.2d 880, 887 (N.D.III.2001) (Unsupported assertions regarding that time are insufficient, because "[t]o simply take the adverse party's unsupported word for the amount of preparation time involved ... is to hand it a tool of oppression to misuse."); *Collins v. Village of Woolridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999) ("It is not our intention to allow the experts to seek compensation for reinventing the wheel…What we believe appropriate is to permit the expert to be compensated…for the time reasonably necessary to refresh his memory regarding the material reviewed and the opinions reached.").

To determine whether the expert's preparation time was reasonable, courts in this district "look to the preparation time in relation to the deposition time," and the nature or complexity of a case, to establish a reasonable ratio of preparation time to actual deposition time for the case. *See, e.g., LG Elecs. USA, Inc. v. Whirlpool Corp.*, No. 08-cv-0242, 2011 WL 5008425, at *4-*5 (N.D. Ill. Oct. 29, 2011) (holding that in a complex litigation case involving a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a), a ratio of 3 to 1, preparation to deposition time, is reasonable); *Nilssen,* 2007 WL 257711, at *5 (using a 3 to 1 ratio in a patent infringement case);

*Collins,* 197 F.R.D. at 358 (using a 1.5 to 1 ratio in a gender discrimination case). *Id.* at 956. Courts have approved of a 1:1 ratio up to a 3:1 ratio depending on the nature of the required document review, breadth of the expert's involvement, and difficulty of the issues. *See Goldberg v. 401 N. Wabash Venture LLC*, No. 09-cv-6455, 2013 WL 4506071, at *5-*6 (N.D. Ill. Aug. 23, 2013); *Chicago United Indus. Ltd. v. City of Chicago*, No. 05-cv-5011, 2011 WL 4383007, at *2 (N.D. Ill. Sept. 20, 2011). Also relevant is how the expert spent his time and the specificity with which the expert describes that time in the invoice. *LK Nutrition, LLC v. Premier Research Labs, LP,* No. 12-cv-7905, 2015 WL 446632, at *3-*4 (N.D. Ill. July 21, 2015). In addition, it is appropriate to exclude time spent in conference between the retaining counsel and the expert before the deposition. *Waters v. City of Chicago,* 526 F.Supp.2d 899, 900–01 (N.D. Ill.2007).

**<u>Monsanto's Rule 26(b)(4)(E) Requests for Deposition Preparation and Attendance Fees</u>**

The City will object or respond to the Monsanto Requests in the order in which they were presented by Monsanto in its Request, (ECF 435-2), to the extent that it has any objection or response to that expert's submission. The City's position on all Monsanto expert invoices with no or no significant specificity or detail as to what the expert did by way of "Deposition Preparation" or what documents he or she reviewed in preparation, is to reduce each by 50%, consistent with *LK Nutrition, LLC v. Premier Research Labs, LP,* No. 12-cv-7905, 2015 WL 446632, at *3-*4 (N.D. Ill. July 21, 2015). In addition, the City's position is to suggest removal of all Monsanto Requests which seek recoupment for attorney conference time. *Waters v. City of Chicago,* 526 F.Supp.2d 899, 900–01 (N.D. Ill.2007).

**<u>Dr. Dominic Alexander (Epidemiologist)</u>**

Dr. Alexander is an epidemiologist. (ECF 435-1, pp. 3-21). Monsanto submitted three time entries totaling 16.4 hours at a $500 hourly rate, requesting a total of $8,200.00 for what Alexander

simply described as "Deposition preparation; study review." (ECF 435-2, p. 6). Pursuant to *LK Nutrition,* these entries are all subject to a 50% reduction, or a reduction down to $4,100.00.

Alternatively, given that Dr. Alexander submitted an overview epidemiological report on the alleged causation, or alleged lack thereof, between PCB exposures and various human conditions, the type of general overview he had submitted many times in the past, there was nothing unique nor complicated about his putting together his general report. Thus, a ratio of 2:1 between deposition preparation time and actual deposition time (7 hours on September 10, 2024) is reasonable under the circumstances. His invoices submitted for 16.4 hours of deposition preparation should be reduced to 14 hours to reflect that ratio. Thus, Alexander's total allowable preparation charges (if the Court does not reduce them by at least 50%) should be $7,000.00, which reflects his hourly rate of $500 times 14 hours of preparation, reflecting a 2:1 ratio.

**Catherine Boston (Toxicologist)**

The City incorporates by reference as if fully set forth herein its Motion to Exclude Catherine Boston (ECF 269). Ms. Boston is a toxicologist who gave a 6-hour deposition on September 6, 2024. (ECF 435, p. 4). The City objects to Ms. Boston's hours spent in deposition preparation, which should be capped at a maximum of 18 hours (giving her the benefit of the doubt of a 3:1 preparation to actual deposition time ratio due to the relative complexities of toxicological issues); the attempt to assess costs for two meetings with counsel on August 27, 2024 (3 hours at $410 per hour=$1,230.00) and September 5, 2024 (6 hours at $410 per hour=$2,460);[3] and the

---

[3] The September 5, 2024, entry for "depo prep and client call" fails to distinguish between the two concepts, if in fact they were separate, and Monsanto bears the burden of proving this is a recoverable cost. Since the deposition preparation time should reasonably be capped at a 3:1 ratio, even assuming the attorney meetings could be assessed, the total listed preparation hours, 34.5 hours, are way over the 18 hour "cap" and should be reduced in any event.

exorbitant charge for reviewing the deposition and for errata, which reasonably should be reduced from 8.5 hours to 3 hours. (ECF 435-2, pp. 7-11).

Thus, applying Boston's $410 hourly rate, the Boston costs should be reduced as follows: 18 hours of deposition preparation at $410 per hour=$7,380.00; 6 hours attending the deposition on September 6, 2024=$2,460.00; and 3 hours reviewing her deposition for "errata"=$1,230.00, for a total of $11,070.00.

**Charles Brigden (Real Estate Appraisal)**

The City incorporates by reference as if fully set forth herein its Motion to Exclude Charles Brigen (ECF 278). Mr. Brigden is a real estate appraiser who submitted $33,333.00 for "preparation for deposition" and attending two depositions.[4] (ECF 435-2, p. 13). The City objects to all charges asserted for Brigden 2 in the amount of $3,259.50 on January 21, 2025, as Brigden's refusal to answer straightforward questioning in Brigden 1 forced the City to ask the same basic questions repeatedly, thus unreasonably extending Brigden 1 and necessitating Brigden 2. (ECF 435-2, p. 13); (ECF 279-4, pp. 93-138).[5] The fact that the first deposition had gone over the traditional 8-hour limit for federal court depositions[6] but nevertheless Monsanto agreed to produce Brigden for a second shorter deposition is inferential that Brigden's conduct extended the first deposition unnecessarily.

Moreover, three separate entries for conference time with the Monsanto attorneys should not be assessed as costs:

---

[4] "Brigden 1" is Brigden's first deposition on January 17, 2025 (ECF 279-4). "Brigden 2" is his second deposition on January 21, 2025 (ECF 281-4).

[5] For purposes of this assessment the City is not considering pages 58 through 91 of Brigden 1, where the parties disputed whether the City could or should question Brigden on a peer-reviewed study cited by him in his JLL Report.

[6] Brigden 1 lasted 8 hours and 38 minutes.

- the $1,291.50 entry for "Prepare for deposition; call with attorneys" on January 12, 2025;
- the $6,396.00 entry for "Meet with attorneys; prepare for deposition" on January 16, 2025; and
- the $1,476.00 entry for "Meet with attorneys; prepare for deposition" on January 20, 2025.

(ECF 435-2, p. 13).

These attorney conference deductions total $9,163.50. When added to the $3,259.50 charges for the January 21, 2025, second Brigden deposition, the proposed Charles Brigden reductions total $12, 423.00.

**Kurt Herman (Environmental Engineer/Geologist)**

The City incorporates by reference as if fully set forth herein its Motion to Exclude Kurt Herman. (ECF 265). Kurt Herman is an environmental engineer and geologist. He gave a deposition that lasted 6 hours and 50 minutes (rounded to 7 hours here) on September 5, 2024. Even giving Herman's expertise in environmental engineering the benefit of the doubt and using a 3:1 preparation to actual deposition time ratio reserved for complex patent cases, Herman's deposition preparation time should be reduced to 21 total hours from his submitted 39 hours. And even at that, Herman's entries were very non-descriptive: "depo prep;" "doc review;" and "project comm." (ECF 435-1, pp. 15-22). This reasonable proposed reduction cuts $10,260.00 (18 hours times $570 per hour) off Herman's total $28,215.00 submission on the Bill of Costs, for a reduced total of $17,955.00. (ECF 435-1, pp. 15-22).

Alternatively, if the Court is inclined to reduce all non-descriptive deposition preparation entries by 50%, the 39 total hours of billed "depo prep" which, times Herman's $570 hourly rate, amounts to $22,230, would be reduced to $11,115.00, thus reducing Herman's submitted charges to $17,100.00. (ECF 435-1, pp. 15-22).

**<u>Brian Hitchens (Hydrogeologist)</u>**

The City incorporates by reference as if fully set forth herein its Motion to Exclude Brian Hitchens. (ECF 255). Brian Hitchens is a hydrogeologist whose expertise has nothing to do with the subject case and was therefore not necessary to the litigation. (*Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Accordingly, the City objects to the entirety of Hitchens's astronomical $38,512.50 portion of the Monsanto Bill of Costs. On September 17, 2024, Hitchens gave a 6 hour and 54-minute deposition (rounded to 7 hours here). (ECF 435-2, pp. 24-38).

Second, if the Court will not delete the Hitchens astronomical $38,512.50 submission from the Bill of Costs in its entirety, applying a 1:1 ratio for deposition preparation time to actual deposition time (7 hours), Hitchens's preparation time, when his $395 hourly rate is applied, should be limited to $2,765.00. If applying a 2:1 ratio, the preparation time should be limited to $5,530.00.

Third, Hitchens's entries and amounts submitted are the most egregious of the Monsanto retained experts in terms of non-descriptiveness and total number of hours. (ECF 435-2, pp. 24-38). For example, on page 32 of the Bill of Costs submission, Hitchens purports to bill for 19.5 hours and $7,702.50 with *no description* as to what he did for the various time entries. Similarly, on pages 36-37, Hitchens purports to bill for 75.75 hours and $29,921.25 *with no description as to his professional activities whatsoever.* (ECF 435-2, pp. 24-38).

**<u>Dr. Harri Kytomaa (Fire and Explosion Engineer)</u>**

The City objects to all charges for fire and explosion investigator Dr. Kytomaa as being totally unnecessary to the litigation (*Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995)). The City further objects to there being no specificity or detail as to what constituted his "prep for deposition;" (ECF 435-2, pp. 41-45); and his consistent obfuscation in answering simple deposition questions, thus extensively lengthening the duration of his deposition

to 5 hours and 37 minutes. The City attaches hereto and incorporates herein by reference the Kytomaa Report as Exhibit 1.

The City asserts that all Kytomaa's $22,437.00 charges (ECF 435-2, p. 5) should be deleted from the Bill of Costs. If the Court is inclined to award costs for the Kytomaa's deposition attendance, however, the award should be for 3 hours of deposition attendance, or roughly half of the actual deposition time. When applying his $810 hourly rate, this deposition attendance time would be reduced to $2,430.00. Moreover, if the Court is inclined to award deposition preparation time despite no description of what he did or reviewed, and applying a deposition preparation to deposition attendance ratio of 1:1 given that his report and testimony were unnecessary to the case, the award should be for 3 hours at his $810 hourly rate, for a total of $2,430.00. If the Court applies a 2:1 ratio, then Kytomaa's preparation time entry would total $4,860.00. Finally, under no circumstances should costs be taxed for the August 26, 2024 "meeting with counsel" for 5.3 hours at the $810 hourly rate totaling $4,293.00. (ECF 435-2, pp. 41-45). The City attaches hereto and incorporates herein by reference the Kytomaa Deposition as Exhibit 2.

Kytomaa, a certified Fire and Explosion Investigator ("CFEI"), wrote in his expert report that: "I have been retained by counsel for the defendants to address issues related to the use of polychlorinated biphenyls (PCBs) in fire safety applications such as electrical equipment, hydraulic fluids, heat transfer fluids, and compressor lubricants in the United States." He indicated he charged $810 per hour for his time. (Kytomaa Report, Exhibit 1, p. 2).

Kytomaa was asked by Monsanto to assess the following:

1. What was the primary use of PCBs in the United States, the State of Illinois, and the City of East Saint Louis?

2. Did the use of PCBs impact the risk of fires and explosions in buildings?

3. Who specified the use of PCBs?

4. Have any non-flammable substitutes for PCBs ever been developed?

5. Why were PCB alternatives that burn more readily and that have lesser fire ratings allowed after 1978?"

(Kytomaa Report, Exhibit 1, p. 2).

The single reason Kytomaa cites for his retention and report is not relevant to any issue raised by the City in this case. (ECF 129); (ECF 427); (Fed. R. Evid. 401: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). This was a PCB property damages case which the Court held was restricted to 100 City owned land parcels. (ECF 427).

Kytomaa spent a total of 144 pages, 131 of them "substantive," discussing the simple fact that PCBs are fire resistant and have been historically used by the electrical industry in transformers and capacitors, which are basic, well-understood facts which have been so ingrained into the public domain that they are axiomatic and can be gleaned in a one minute Google search, if the latter is even needed. But that Google search has nothing to do with the City's case. (Kytomaa Report, Exhibit 1).

Kyomaa's deposition was taken on August 28, 2024, and lasted 5 hours and 37 minutes. That length was in large part because of Kytomaa's refusal to answer simple questions directly. (Kytomaa Deposition, Exhibit 2 pp. 42-43), for one example. The City's good faith suggested reductions should be granted.

**<u>Nadia Moore (Toxicologist and Industrial Hygiene)</u>**

Nadia Moore is a toxicologist just like another Monsanto retained expert, Catherine Boston. Whatever expertise and opinions Monsanto sought from Ms. Moore could just have easily and expediently been obtained through Ms. Boston, and the City objects to the total of $14,440 in

Moore billings submitted by Monsanto in its Bill of Costs. (ECF 435-2, pp. 47-54). The City should not have to pay for all or a portion of a second Monsanto toxicology expert. The City incorporates by reference its comments above regarding toxicologist Catherine Boston.

All the Moore entries which are part of the Bill of Costs are set forth on page 49 of ECF 435-2. The first entry dated August 19, 2024, for 4.5 hours for "Review materials; meet with counsel," should be deleted from the Bill of Costs.

The balance of the nine entries on page 49 total 28.8 hours, all for "Review materials" with no further description. The entry on August 29, the day *after* her deposition, for 1 hour for "Review materials" is even more ambiguous given its timing. If the Court is not inclined to eliminate the Moore time entries from the Bill of Costs, the City suggests a 50% reduction because of the non-descriptiveness of the identical entries. If that reduction is endorsed by the Court, the Moore portion of the Bill of Costs would be reduced to $5,760.00 (14.4 hours times her hourly rate of $400=$5,760.00).

**<u>Ann Morrison (Biologist)</u>**

Ann Morrison prepared an expert report assessing the effects that general industrialization in the region has had historically on the natural resources of East St. Louis. The City attaches hereto and incorporates herein by reference the Morrison Report as Exhibit 3. She gave a 4-hour deposition on September 6, 2024. Giving Monsanto the benefit of the doubt as to whether the effect on City natural resources was even a part of the case when the Morrison report was issued or by the time she was deposed and applying a 1:1 preparation to actual deposition time ratio, her preparation time should be capped at 4 hours. Applying her $400 hourly rate, the maximum preparation charges would be $1,600.00. If a 2:1 ratio is applied, then the maximum preparation charges would be $3,200.00.

Alternatively, if the Court is inclined to either eliminate the preparation entries for non-descriptiveness, or to reduce such entries by 50%, the total of 28 hours for "depo prep" listed on page 57 of ECF 435-2 would either be eliminated or reduced to 14 hours at $400 per hour=$5,600.00.

**<u>Maureen Reitman (Materials Science)</u>**

The City incorporates by reference as if fully set forth herein its Motion to Exclude Maureen Reitman. (ECF 256). Ms. Reitman authored a detailed report about PCBs and plasticizer[7] products. To the extent that plasticizer products had *anything* to do with the City's PCB contamination property damages case at any time, they certainly were not part of the case when Reitman produced her report or when she gave her August 29, 2024, deposition. Accordingly, the City objects to the entirety of the exorbitant $29,610.00 Reitman entries which are part of the Monsanto Bill of Costs, (ECF 435-2, pp. 63-69), as being irrelevant and unnecessary to the litigation.

## CONCLUSION

For all the foregoing reasons, the City of East St. Louis, Illinois, respectfully moves in the first instance that the Court grant its Motion to Deny Monsanto's Request for Costs in its entirety or, alternatively, that the Court consider: eliminating or substantially reducing by 50% all totally or substantially non-descriptive time entries submitted with the Monsanto Request for Costs; eliminating all attorney conference time entries submitted with the Monsanto Request for Costs; eliminating or substantially reducing all time entries for deposition preparation time which extend

[7] A plasticizer is a functional additive, typically a non-volatile organic liquid, incorporated into materials like plastics (especially PVC), rubbers, and concrete to increase flexibility, durability, and workability.

beyond a reasonable ratio between preparation and actual deposition time; and for such and further relief as this Court deems to be equitable and just.

Dated: April 27, 2026

Respectfully submitted,

**THE DRISCOLL FIRM, P.C.**

*/s/ Paul W. Johnson*
Paul W. Johnson, #6193774
Christopher J. Quinn, #6310758
211 N. Broadway, Suite 4050
St. Louis, MO 63102
Phone: (314) 932-3232
Fax: (314) 932-3233
Paul@thedriscollfirm.com
Chris@thedriscollfirm.com

**THE DRISCOLL FIRM, LLC**
John J. Driscoll, #6276464
1311 Avenida Ponce de Leon, 5th Floor
San Juan, PR 00907
Phone: (618) 444-6049
Fax: (314) 932-3233
John@thedriscollfirm.com

**THE DRISCOLL FIRM, P.C.**
Matthew J. Limoli, #6328051
434 Fayetteville Street, Ste. 560
Raleigh, NC 27601
Phone: (919) 582-6516
Matthew@thedriscollfirm.com

**CHATHAM & BARICEVIC**
John Baricevic, #3121537
Grey Chatham, #6312518
107 W. Main Street
Belleville, IL 62220
Phone: (618) 233-2200
Fax: (618) 233-1589
john@chathamlaw.org
greyjr@chathamlaw.org

**SMOUSE & MASON, LLC**
Roy L. Mason, #938118
Zachary E. Howerton, #151215033
233 Duke of Gloucester Street
Annapolis, MD 21401
Phone: (410) 269-6620
Fax: (410) 269-1235
rlm@smouseandmason.com
zeh@smouseandmason.com

**LEMMON LAW FIRM, LLC**
Andrew A. Lemmon, LA Bar # 18302
5301 Canal Boulevard, Suite A
New Orleans, LA 70124
Phone: (984) 257-7987
andrew@lemmonlawfirm.com

**MILBERG PLLC**
Vicki J. Maniatis, #6231297
405 East 50th Street
New York, NY 10022
Phone: (516) 491-4665
Fax: (865) 522-0049
vmaniatis@milberg.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2026, the foregoing document was electronically filed with the Clerk of Court and will be served by operation of the Court's CM/ECF system upon all registered parties. The foregoing document also was served via electronic mail upon:

Philip Rice
Rice Law Offices
110 E. Lincoln Street
Belleville, Illinois 62220
price@ricelawoffices.com

*/s/ Paul W. Johnson*
Paul W. Johnson