**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CITY OF EAST ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-232-DWD |
| | ) | |
| PHARMACIA LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR COSTS**

Defendants Pharmacia LLC, Solutia Inc., and Monsanto Company (collectively, "Defendants"), for their Reply in Support of Their Request for Costs, state as follows: [1]

**I. The City's Claim of Indigency Is Irrelevant Because the Indigency Exception Does Not Apply to Municipal Corporations and Because The City's Counsel Is Responsible for Costs and Fees under the Fee Agreement.**

The City's attempt to avoid paying Defendants' costs and fees on grounds of indigency fails on both the law and facts. First, the law does not recognize an indigency exception for municipal corporations. As a municipal corporate entity, the City is not entitled to claim indigent status for purposes of Rule 54(d)(1). *See* Doc. 129 (Second Amended Complaint) at p. 21, ¶ 79 ("The City of East St. Louis is a Home Rule Municipal Corporation"); *Business Systems Engineering, Inc. v. International Business Machines Corp.*, 249 F.R.D. 313, 316 (N.D. Ill. 2008) ("While an individual litigant's indigency may be considered in the decision to tax costs, unsuccessful corporate litigants are not entitled to such consideration." (citing *Fehribach v. Ernst & Young, LLP*, 493 F.3d 905, 913 (7th Cir. 2007)). The Seventh Circuit has acknowledged that costs should generally be awarded as a matter of course, regardless of collectability, and that "the

[1] The City submitted two responses to Defendants' Request for Costs. *See* Docs. 443 and 444. This Reply addresses the arguments asserted in both Responses.

parties' relative wealth is not a good reason to deny costs to the winner . . . ." *Fehribach*, 493 F.3d at 913.

Second, the City's claimed indigency is also irrelevant on the facts because, under the applicable fee agreement, the obligation to pay costs and fees falls on the City's outside counsel, not the City. In July 2022, the City entered into a Contingent Fee Engagement Agreement (the "Fee Agreement") with The Driscoll Firm, LLC, Sanders Phillips Grossman, LLC, and Chatham & Baricevic, LLC for purposes of pursuing this lawsuit. *See* Doc. 137-1, pp. 7-12 (Fee Agreement). The Fee Agreement was approved and confirmed by resolution of the Mayor and City Council of East St. Louis on July 14, 2022. *Id.* at pp. 5-6 (Resolution).

The Fee Agreement expressly allocates responsibility for litigation costs and expenses, providing that the City's counsel will pay all such costs. The full provision is set forth below:

> 6. <u>COSTS AND EXPENSES OF LITIGATION</u>
>
> The client understands that attorneys will advance all litigation costs and expenses incurred in the litigation and that Attorneys will reimburse themselves for these monies that they have advanced, these costs and expenses, from Client's net recovery or settlement. Litigation costs and expenses include, but are not limited to, filing fees, service of process fees, record fees, witness fees, court reporter and videographer expenses, investigation and legal research expenses, photographs and photo-reproduction expenses *(photocopy expenses at reasonable reproduction rate)*, mail and delivery expenses, consultant expenses, vendor expenses, expert witness expenses, legal research fees, and travel expenses, meals and related items associated with meetings among Attorneys may also be included in expenses.
>
> In the event attorneys secure a recovery on client's behalf, the client understands that Attorneys' fees will be calculated based on the gross recovery, and that costs and expenses of litigation attributable to client's claims will be deducted after attorneys' fees have been subtracted from the gross recovery, in other words paid from the net proceeds payable to client after deduction of the Attorneys' fees.
>
> In the event no recovery is made, the client understands that, the client will not owe attorneys any attorneys' fees and that attorneys' will not be entitled to reimburse themselves for expenses that they have advanced for this matter.

Doc. 137-1 (Fee Agreement), p. 9.

In light of the Fee Agreement, the City's argument that it is indigent or otherwise unable to pay for the costs and fees owed to Defendants is immaterial. The City itself bears no responsibility for these costs; rather, the costs and fees are to be paid by its attorneys pursuant to

the Fee Agreement. The City's indigent or distressed status has no bearing on whether its counsel possesses the ability to satisfy Defendants' Request for Costs.

## II. The City's Objections to Defendants' Expert Witness Deposition Fees Should Be Rejected.

The City does not dispute Defendants' requested costs under Rule 54(d)(1), nor does it challenge the deposition fees of Defendants' expert witnesses Dr. Danny Reible and Dr. Andrew Saxon. Those costs and fees should be awarded.

The City objects to the remainder of Defendants' witness fees and asks the Court either to reduce them based on arbitrary ratios of preparation to deposition time, or to exclude them entirely based on its *post hoc* argument that the witness's testimony was not relevant to the subject matter of the litigation. The Court should reject those arguments. Under Rule 26(b)(4)(E), compensating an expert for time spent in responding to discovery is *mandatory* absent exceptions, one of which is a finding of manifest injustice. *See Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F.Supp.2d 939, 954-55 (N.D. Ill. 2012) (granting, in part, defendants' post-judgment petition for costs, including expert witness fees under Rule 26(b)(4)(E)). Defendants reiterate that a "finding of 'manifest injustice' is rare and the court will exempt a deposing party from paying an expert's fees only in 'extreme circumstances.'" *Smith v. City of Chicago*, No. 12 CV 4546, 2013 WL 5609332, at *1, 4 (N.D. Ill. Oct. 11, 2013) (citing *Se-Kure Controls*, 873 F.Supp.2d at 957). It would not be manifestly unjust to require the City to pay the Defendants' expert fees associated with their deposition preparation and attendance time, given that those fees were incurred only because the City sought the experts' depositions.

The proper inquiry under Rule 26(b)(4)(E) is whether, in the Court's discretion, an expert's deposition-related fees are reasonable given the work required in preparing for the expert's deposition, the complexity of the issues involved in the case, and the breadth of the expert's report.

*See, e.g.*, *Nilssen v. Osram Sylvania, Inc.*, 2007 WL 257711, at *4-5 (N.D. Ill. Jan. 23, 2007). Although some courts within the Seventh Circuit have applied ratios when assessing the reasonableness of expert deposition fees, no such ratios are required. Here, the complexity of the litigation, the scope of opinions offered by the City's own experts, and the amount claimed as damages all demonstrate the reasonableness of the time spent by Defendants' experts.

The City's inconsistent ratio applications and fifty-percent reduction suggestions based on time-entry vagueness should be rejected. The City suggests various ratios to reduce Defendants' expert deposition fees, from 3:1, 2:1, 1:1, all of which are wholly untethered to the expert's expertise, the scope of this litigation, and the substance of the expert's opinions. The time entries submitted by Defendants are only those pertaining to deposition preparation and attendance.

The City argues, at least in part, that it should not be required to pay for certain expert fees because the experts' opinions are irrelevant. *See* Doc. 444 (Response) at p. 9 (arguing Dr. Harri Kytomaa's opinions are "totally unnecessary to the litigation"); p. 12 (arguing the City should not have to pay for Monsanto to have Dr. Nadia Moore as a "second toxicology expert"); p. 12 (arguing Dr. Ann Michelle Morrison's opinions are irrelevant because it was questionable whether "the effect on City natural resources was even a part of the case" at the time Dr. Morrison was deposed); and p. 13 (arguing the City should not have to pay for Dr. Maureen Reitman's deposition preparation and attendance time because, in the City's view, PCB plasticizer products were not part of the case when Dr. Reitman issued her report and was deposed).

These arguments are unavailing. The Court is well aware of the City's expansive allegations in this case. At the time these experts were deposed, the City's operative Complaint spanned 38 pages, and included allegations related to Monsanto's decades-long manufacture of PCBs and the ill effects allegedly caused by PCBs to the well-being of the City's public health,

environment, and economy. *See, e.g.*, Doc. 129 (Second Amended Complaint) at p. 22. In fact, with the exception of Dr. Reitman, the City did not seek to exclude any of these experts on the ground that they offered no relevant opinions. And any such argument would have failed. Dr. Kytomaa's opinions were directly responsive to the product liability claims (design defect and failure to warn) advanced by the City. Dr. Moore's testimony was not duplicative of Ms. Boston's, as Dr. Moore's opinions were primarily related to the toxicology of PCBs generally, whereas Ms. Boston's opinions related to whether there was a human health risk associated with PCBs on the specific parcels at issue in this case. Dr. Morrison's opinions were relevant because the City had not, at the time of her deposition, disclaimed any effort to recover for alleged damage to its natural resources. Finally, Dr. Reitman's opinions were relevant to address the product defect claims advanced by the City and to address potential alternative sources of PCBs in sampled material. *See* Doc. 318 (Defendants' Opp. to Pl.'s Motion to Exclude Certain Testimony of Dr. Reitman).

To the extent the City believed that any of Defendants' experts were irrelevant, it was free not to depose them. Indeed, the City elected not to depose Defendants' testifying expert Dr. Charles Menzie—presumably because it deemed his opinions unnecessary. The City could have exercised the same restraint with respect to any other expert but chose not to do so. Having elected to take these depositions, the City cannot now avoid the experts' deposition preparation and attendance costs. Rule 26(b)(4)(E) *requires* the City to pay the reasonable fees associated with the deposition preparation and attendance of Defendants' expert witnesses, and the Court should enforce this Rule.

WHEREFORE, Defendants respectfully request that the Court grant their request for costs pursuant to Federal Rule of Civil Procedure 54(d)(1), Local Rule 54.2, and Federal Rule of Civil Procedure 26(b)(4)(E).

Dated: May 4, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON LLP**

*/s/ Tyler W. Schwettman*
Tyler W. Schwettman, #6333327
The Plaza in Clayton
190 Carondelet Plaza, Suite 1350
St. Louis, MO 63105
(314) 690-0200 (telephone)
tschwettman@shb.com

**BRYAN CAVE LEIGHTON PAISNER LLP**

Ann E. Blackwell
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (fax)
liz.blackwell@bclplaw.com

**KING & SPALDING LLP**

Tracie J. Renfroe
Mitchell B. Bryant
1100 Louisiana Street, Suite 4100
Houston, TX 77002
(713) 751-3200 (telephone)
trenfroe@kslaw.com
mbbryant@kslaw.com

**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**

Emma Ross
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 681-6000 (telephone)
eross@goldmanismail.com

**MCDERMOTT WILL & SCHULTE LLP**

Anthony Upshaw
Asra A. Chatham
333 SE 2nd Ave., Ste. 4500
Miami, FL 33131
(305) 358-3500 (telephone)
aupshaw@mwe.com
achatham@mwe.com

*Attorneys for Defendants Monsanto Company and Pharmacia LLC*

**LATHROP GPM LLP**

*/s/ Charles R. Hobbs II (by consent)*
Charles R. Hobbs II
The Plaza in Clayton
190 Carondelet Plaza, Suite 1400
St. Louis, MO 63105
(314) 613-2800 (telephone)
Ron.Hobbs@lathropgpm.com

*Attorney for Defendant Solutia Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 4, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Tyler W. Schwettman*

*Attorney for Defendants Monsanto Company and Pharmacia LLC*